

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  JULIET B. HALEY
   Deputy Attorney General
5  JOAN KILLEEN
   Deputy Attorney General
6  State Bar No. 111679
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-3664
     Telephone: (415) 703-5968
8    Fax: (415) 703-1234
     Email: Joan.Killeen@doj.ca.gov
9  Attorneys for Respondent

10                IN THE UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13
   **BRYANT E.  DAVIS,**                        C 07-3232 JF (PR)
14
                                     Petitioner,
15
            **v.**
16
   **MATTHEW C. KRAMER, Warden,**
17
                                     Respondent.
18

19
   **RESPONDENT'S NOTICE OF  MOTION AND MOTION TO DISMISS FOR FAILURE**
20                  **TO EXHAUST STATE REMEDIES**

21

22

23

24

25

26

27

28

1 EDMUND G. BROWN JR.
Attorney General of the State of California
2 DANE R. GILLETTE
Chief Assistant Attorney General
3 GERALD A. ENGLER
Senior Assistant Attorney General
4 JULIET B. HALEY
Deputy Attorney General
5 JOAN KILLEEN
Deputy Attorney General
6 State Bar No. 111679
 455 Golden Gate Avenue, Suite 11000
7 San Francisco, CA 94102-3664
 Telephone: (415) 703-5968
8 Fax: (415) 703-1234
 Email: Joan.Killeen@doj.ca.gov
9 Attorneys for Respondent

10                    IN THE UNITED STATES DISTRICT COURT

11                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                              SAN JOSE DIVISION

13

**BRYANT E.  DAVIS,**                                  C 07-3232 JF (PR)

14
                                       Petitioner,
15                                                     **RESPONDENT'S NOTICE OF**
                                                       **MOTION AND MOTION TO**
       v.                                              **DISMISS FOR FAILURE TO**
16                                                     **EXHAUST STATE**
**MATTHEW C. KRAMER, Warden,**                          **REMEDIES**
17
                                       Respondent.
18

19 TO PETITIONER IN THE ABOVE-ENTITLED MATTER:

20         PLEASE TAKE NOTICE that respondent moves for an order dismissing the petition for

21 writ of habeas corpus, filed on June 19, 2007, for failure to exhaust state remedies.  No hearing has

22 been noticed because petitioner, who is proceeding pro se, is in custody.

23         A review of the record shows that petitioner failed to exhaust his state court remedies with

24 respect to the claims raised in his petition.  Accordingly, respondent moves to dismiss the petition.

25                    **MEMORANDUM OF POINTS AND AUTHORITIES**

26 **A.   Procedural Background**

27         On January 5, 2004, the Alameda County District Attorney charged petitioner with murder

28 and second degree robbery, with a special circumstance allegation that the murder was committed

Respondent's Notice Of  Motion And Motion To Dismiss For Failure To Exhaust State Remedies  - C 07-3232 JF (PR)

1  while petitioner was engaged in the commission of robbery.  The information alleged that petitioner

2  had suffered eight prior felony convictions and served five prior prison terms.  Cal. Penal Code §§

3  187, 190.2(a)(17)(A), 211, 667.5(b).  On February 3, 2004, petitioner admitted the prior conviction

4  allegations.  Subsequently, a jury found petitioner guilty of robbery but deadlocked on the murder

5  charge.  On May 21, 2004, the parties agreed to a negotiated resolution in which petitioner would

6  be sentenced to a total term of 10 years, consisting of five years for the robbery charge and five

7  years for the five prior prison terms.  As part of the negotiated resolution, petitioner agreed to waive

8  his right to appeal.  On July 9, 2004, the trial court imposed the agreed-upon sentence after denying

9  petitioner's motion to withdraw his waiver of appeal rights.  *See* Exh. B at 1-2.

10        Petitioner appealed his conviction.  Exhs. A, C.  He also filed a petition for writ of habeas

11  corpus contending that he had only served four prior prison terms, rather than five, and thus his

12  sentence should be reduced by one year.  Exhs. G, I.  On January 31, 2006, the California Court of

13  Appeal dismissed petitioner's appeal, finding he validly waived his right to appeal.  Exh. D.  On the

14  same date, it directed respondent to show cause why petitioner should not be resentenced.  Exh. J.

15        On May 10, 2006, the California Supreme Court denied review.  Exh. F.  After a hearing

16  in the trial court, the court corrected petitioner's sentence on July 3, 2006, to reflect a total sentence

17  of nine years, consisting of five years for the robbery charge and four years for the prior prison

18  terms.  Exh. K.

19        On May 11, 2007, petitioner filed a petition for writ of habeas corpus in the Central

20  District of California.  The petition was subsequently filed on June 19, 2007, in the Northern District

21  of California.

22  **B.    The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies**

23        For reasons of comity, a state prisoner must first exhaust his constitutional claims in state

24  court before seeking habeas relief in the federal courts.  28 U.S.C. § 2254(b); *Rose v. Lundy*, 455

25  U.S. 509, 518-519 (1982).  In order to exhaust a claim, the defendant must "fairly present" the

26  specific factual and legal bases for each claim to the state's highest court.  *Duncan v. Henry*, 513

27  U.S. 364, 365 (1995).  This requires state prisoners to "give the state courts one full opportunity to

28  resolve any constitutional issues by invoking one complete round of the State's established appellate

1  review process," including discretionary review to the state supreme court if that is the state's

2  practice. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, presenting a claim only to the

3  California Court of Appeal is insufficient to exhaust; it must be presented to the California Supreme

4  Court. *James v. Giles*, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000); *Gatlin v. Madding*, 189 F.3d 882,

5  888 (9th Cir. 1999); *Larche v. Simon*, 53 F.3d 1068, 1071-1072 (9th Cir. 1994).

6         As noted, petitioner waived his right to appeal as part of the negotiated resolution in which

7  he was sentenced to 10 years. He nevertheless appealed, and raised the sole claim that his appeal

8  waiver was not voluntary, knowing, or intelligent. Exh. A. He also filed a petition for writ of

9  habeas corpus in the court of appeal, claiming: (1) that he only served four prior prison terms, and

10  thus his sentence should be reduced by one year; (2) his trial counsel was ineffective for failing to

11  argue the sentencing error on his behalf; and (3) his waiver of his right to appeal was not voluntary,

12  knowing, or intelligent. Exh. G.

13         The court of appeal dismissed the appeal after finding that petitioner's waiver of his right

14  to appeal was valid. Exh. D. As to the petition for writ of habeas corpus, the court remanded the

15  matter to the trial court on the issue whether petitioner had served only four prior prison terms, as

16  he alleged. The court did not grant relief as to the remaining claims raised in the petition. Exh. J.

17  Subsequently, the trial court resentenced petitioner to a total term of nine years. Exh. K.

18         In the meantime, petitioner filed a Petition for Review in the California Supreme Court

19  raising a single claim, whether a waiver of the right to appeal could be voluntary, knowing, and

20  intelligent when the trial court failed to admonish the defendant regarding his right to appeal and the

21  defendant did not execute a written waiver. Exh. E. The Supreme Court summarily denied review.

22  Exh. F.

23         In his federal petition for writ of habeas corpus, petitioner raises two claims: (1) "The

24  petitioner was denied his Sixth Amendment right to effective assistance of trial counsel"; and (2)

25  "The petitioner was denied his Fifth Amendment rights to an unbiased judge." As to the first claim,

26  petitioner asserts his counsel "was ineffective for failing to argue the error on petitioner's behalf or

27  failing to ensure that the court considered the matter." It is not clear what "error" petitioner means,

28  but, as noted, the trial court has already corrected his sentence and reduced it by one year. As to the

Respondent's Notice Of Motion And Motion To Dismiss For Failure To Exhaust State Remedies  - C 07-3232 JF (PR)

1   second claim, petitioner asserts his "purported waive [*sic*] of his right to appeal was not voluntary,

2   knowing or intelligent." Pet. at 5. Neither of these claims was raised in the California Supreme

3   Court. Although petitioner raised an ineffective assistance of counsel claim in the court of appeal,

4   he did not raise it in his petition for review, nor did he file a separate petition for writ of habeas

5   corpus in the state supreme court. And, although petitioner challenged the voluntariness of his

6   appeal waiver in the court of appeal and in the supreme court, he did not raise any claim arguing that

7   the trial court was biased.

8        Because petitioner has failed to exhaust his claims in the state's highest court, his petition

9   for writ of habeas corpus should be dismissed. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. at 518-

10  519.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CONCLUSION**

2

For the reasons stated, respondent respectfully requests that the petition for writ of habeas

3

corpus be dismissed for failure to exhaust state remedies.

4

Dated:  January 24, 2008

5

Respectfully submitted,

6

EDMUND G. BROWN JR.
Attorney General of the State of California

7

DANE R. GILLETTE
Chief Assistant Attorney General

8

GERALD A. ENGLER
Senior Assistant Attorney General

9

10

JULIET B. HALEY
Deputy Attorney General

11

/s/ Joan Killeen

12

13

JOAN KILLEEN
Deputy Attorney General

Attorneys for Respondent

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28