EXHIBIT A

*6/27/2005*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) No. A107183 |
| | ) |
| Plaintiff and Respondent, | ) Alameda County |
| | ) Sup.Ct. No. |
| v. | ) C143935A |
| | ) |
| BRYANT EUGENE DAVIS, | ) |
| | ) |
| Defendant and Appellant. | ) |

## APPELLANT'S OPENING BRIEF

Hilda Scheib, Esq.
SBN 96081
P. O. Box 29098
San Francisco, CA 94129
415-750-9397

Attorney for Appellant

*20 pgs*

DOCKETED
SAN FRANCISCO

JUN 2 9 2005

By P. MONTOYA
No. SF2004A1253

*10/28/04*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) No. A107183 |
| | ) |
| Plaintiff and Respondent, | ) Alameda County |
| | ) Sup.Ct. No. |
| v. | ) C143935A |
| | ) |
| BRYANT EUGENE DAVIS, | ) |
| | ) |
| Defendant and Appellant. | ) |
| | ) |

---

## APPELLANT'S OPENING BRIEF

---

Hilda Scheib, Esq.
SBN 96081
P. O. Box 29098
San Francisco, CA 94129
415-750-9397

Attorney for Appellant

# TABLE OF CONTENTS

PAGE

STATEMENT OF APPEALABILITY                                    1

STATEMENT OF THE CASE                                         2

STATEMENT OF FACTS                                            4

ARGUMENT

   APPELLANT'S PURPORTED WAVIER OF HIS              5
   RIGHT TO APPEAL WAS NOT VOLUNTARY,
   KNOWING OR INTELLIGENT

CONCLUSION                                                    11

CERTIFICATE OF WORD COUNT                                     11

# TABLE OF AUTHORITIES

CASES                                                    PAGE

People v. Castrillon                                       8
(1991) 227 Cal.App.3d 718

People v. Charles                                          5
(1985) 171 Cal.App.3d 552

People v. Kelly                                            8
(1994) 22 Cal.App.4th 533

People v. Marsden                                          2
(1970) 2 Cal.3d 118

People v. Panizzon                                         5,7
(1996) 13 Cal.4th 68

People v. Rosso                                            6,9
(1994) 30 Cal.App.4th 1001

People v. Vargas                                           6
(1993) 13 Cal.App.4th 1653

STATUTES

Penal Code 187(a)                                          2

             211                                           2

             667.5(b)                                      3

             1237                                          1

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) No. A107183 |
| | ) |
| Plaintiff and Respondent, | ) Alameda County |
| | ) Sup.Ct. No. |
| v. | ) C143935A |
| | ) |
| BRYANT EUGENE DAVIS, | ) |
| | ) |
| Defendant and Appellant. | ) |
| | ) |

## APPELLANT'S OPENING BRIEF

## STATEMENT OF APPEALABILITY

This is an appeal from a final judgment following jury trial and a negotiated

disposition and is authorized by California Penal Code section 1237.[1]

---

[1] All statutory references are to the California Penal Code unless otherwise indicated.

1

## STATEMENT OF THE CASE

On January 5, 2004, the Alameda County district attorney charged appellant with felony murder (sec. 187, subd.(a)) (count one) and second degree robbery (sec. 211) (count two).  Eight prior prison term enhancements were alleged.  Following trial, the jury found appellant guilty of second degree robbery, but were unable to reach a verdict on the murder count.  The court declared a mistrial.  Appellant admitted that he had suffered eight prior convictions and had served five prior prison terms. (CT 450, 452; Aug. RT [2/3/04] pp. 2-15)

On May 21, 2004, appellant agreed to a negotiated resolution, whereby the court would impose a state prison sentence of ten years, comprised of the aggravated term of five years on the robbery and one year for each of the five remaining prior prison term enhancements.  The murder charge and all other enhancements -- i.e., the first, sixth and seventh prior prison term enhancement allegations -- were dismissed.  Appellant waived sentencing by the trial judge.  In addition, appellant purportedly waived all appellate rights as to the trial.  (CT 452-453)

On July 9, 2004, the court denied appellant's <u>Marsden</u>[2] motion.  The court also denied appellant's motion to withdraw his waiver of appellate rights.  (CT 459-461, RT [7/9/04] p. 2)  Appellant was sentenced to state prison for a term

---

[2] <u>People</u> v. <u>Marsden</u> (1970) 2 Cal.3d 118.

2

of ten years, consisting of the aggravated term of five years for the robbery and

five one-year terms pursuant to section 667.5, subdivision (b). (CT 459-461;

RT [7/9/04] pp. 2-3)

On July 20, 2004, appellant filed a timely notice of appeal. (CT 462)

On September 30, 2004, this Court issued an order limiting the record on

appeal to transcripts of proceedings from the date of appellant's purported waiver

of his right to appeal the underlying judgment forward. (CT 472)

## STATEMENT OF FACTS

In light of the limited record before this Court, the following statement of

facts is drawn from the probation report:

A witness reported that the victim was robbed while seated on a bus bench.

According to the witness, codefendant Michael Porter grabbed the victim – who

suffered from tuberculosis and a medical condition which prevented him from

lifting his head – by the neck from behind.  Meanwhile, appellant pulled things

from the victim's pockets. (CT 467) Appellant and Porter were detained shortly

thereafter and identified by the witness. (CT 467)

4

**ARGUMENT**

## APPELLANT'S PURPORTED WAIVER OF HIS RIGHT TO APPEAL WAS NOT VOLUNTARY, KNOWING OR INTELLIGENT

A defendant may validly waive his or her right to appeal, so long as the

waiver is knowing, voluntary and intelligent. (People v. Charles (1985) 171

Cal.App.3d 552, 558; People v. Panizzon (1996) 13 Cal.4th 68, 80.)  The

purported waiver in this case did not, however meet these requirements.  The trial

court never gave admonishments to appellant regarding his right to appeal.  Nor

did appellant execute any written waiver of his appellate rights.

Appellant's purported waiver, made after only a cursory mention by the court of

his relinquishment of his appellate rights, was therefore invalid.

On May 21, 2004, the following colloquy occurred:

THE COURT: I understand there is a negotiated resolution of the entire
Information in this matter, whereby Mr. Davis would agree to the Court
sentencing him to ten years in state prison, which would be the
aggravated term of five years for the robbery, plus one year for each
of the prior prison commitments on the five felony prior convictions
that he admitted, for a total of ten.  And he would waive his right to
be sentenced on the robbery by Judge Horner.

DEFENSE COUNSEL: Yes.

THE COURT: In terms of the understanding, I would sentence him to
the ten years, and the murder charge and any other charges I haven't
referred to will be dismissed.
Is that your understanding, [defense counsel]?

DEFENSE COUNSEL: Yes.

5

THE COURT: Mr. Davis, is that your understanding?

DEFENDANT DAVIS: Yes.

THE COURT: [District Attorney], is that your understanding?

DISTRICT ATTORNEY: Also waive all of the appellate rights on the trial.

THE COURT: That's my understanding as well. [Defense counsel]?

DEFENSE COUNSEL: Yes.

THE COURT: Mr. Davis?

DEFENSE COUNSEL: He understood he waived it at this point.

THE COURT: Is that right?

DEFENDANT DAVIS: Yes.  (CT 452-453)

A waiver is enforceable when preceded by the intentional relinquishment or abandonment of a known right or privilege.  (People v. Rosso (1994) 30 Cal.App.4th 1001, 1006.)  "The valid waiver of a right presupposes an actual knowledge of the very right being waived. It is the intelligent relinquishment of a known right after knowledge of the facts." (Id.)

The burden is on the party claiming the existence of the waiver to prove it by evidence that does not leave the matter to speculation, and doubtful cases will be resolved against a waiver.  The right of appeal should not be considered waived or abandoned except where the record clearly establishes it." (People v. Vargas (1993) 13 Cal.App.4th 1653, 1657.)  The voluntariness of a waiver is a question of

6

law which appellate courts review de novo. (People v. Panizzon, supra, 13 Cal.4th 68, 80.)

In this case, the above-referenced discussion between the court, defense counsel, the district attorney and appellant – the sole instance when waiver of appellate rights was mentioned – contained no personal admonishment to appellant regarding his rights to appeal the conviction of second degree robbery. In most cases, for a waiver of appellate rights to be enforceable, a court must orally admonish the defendant regarding the right he is relinquishing. (Id., at pp. 83-84.)

A court may, however, rely on a defendant's vaidly executed waiver form as a proper substitute for personal admonishment. (Id.) In some instances, courts have found a waiver enforceable based on a waiver form, often accompanied by other indicia of admonishment. In Panizzon, for example, the defendant executed an explicit written waiver of his right to appeal, in conjunction with his guilty plea waivers. In the waiver form, he stated that he understood that he was waiving his rights and that he had discussed the matter with his attorney. He signed the form. The attorney also stated that he had explained the defendant's rights to him and discussed the facts of the case.

Relying on the written waiver form and the attorney's statements, the court found the defendant's waiver enforceable. In addition, the court conducted a

hearing, at which both the defendant and his attorney attested to the written waiver form's valid execution, and no doubts were raised as to the defendant's understanding. Under these circumstances, the defendant's waiver of the right to appeal was knowing, intelligent and voluntary, despite the absence of a specific oral admonishment by the trial court. (Id., at pp. 83-85.)

Similarly, in People v. Castrillon (1991) 227 Cal.App.3d 718, 722-723, the court held that a properly executed written waiver of the right to appeal was sufficient evidence of a knowing and intelligent waiver. "So long as the waiver form contains sufficient information, and both the defendant and his counsel attest to its valid execution, the judge may, in his discretion, dispense with further explanation to the defendant of his rights." The defendant in Castrillon signed a waiver form, referring both to his plea agreement and his waiver of appellate rights, and both he and his attorney attested to the court that he understood and voluntarily relinquished each specific right. This was sufficient, the court concluded, to make the waiver of his appeal rights enforceable. (Id., at p. 723.)

An identical result was reached in People v. Kelly (1994) 22 Cal.App.4th 533, 535, where the negotiated disposition form, initialed and signed by the defendant, indicated that he was giving up his right to appeal and that he had read and understood the form. His attorney also said that he had reviewed the form and explained it to the defendant. Finally, at a court hearing, the defendant orally stated

8

that he had read the form and understood it. This constituted valid waiver.

In contrast, in <u>Rosso</u>, the appellate court rejected the People's claim that the defendant had orally waived appeal rights. Unlike in <u>Panizzon</u>, in <u>Rosso</u> "there was neither a written waiver form including an advisement and waiver of appellate rights, read, initialed and signed by [the defendant] after discussion with his attorney, nor an oral advisement of his appellate rights." (<u>People</u> v. <u>Rosso</u>, <u>supra</u>, 30 Cal.App.4th 1001, 1007.)

Here, like in <u>Rosso</u>, there is no evidence of a written waiver form including an advisement and waiver of appellate rights that was read, initialed and signed by appellant after discussion with his attorney. Nor was there any oral advisement of his appellate rights. As <u>Rosso</u> points out, all cases finding a waiver enforceable have included one or both of these safeguards. Here, like in <u>Rosso</u>, the trial court did not advise the defendant of his right to appeal: "While there was a purported waiver, there was no advisement." (<u>Id</u>.) As such, appellant's waiver was not knowing and intelligent, and cannot stand.

On this basis, appellant's purported waiver is unenforceable. Appellant should be afforded the right to appeal.

Further, since this Court ordered only a minimal record in this case because of appellant's purported waiver, it is impossible to identify and brief cognizable issues on appeal in this brief. Accordingly, this Court should order preparation of

a complete record, i.e., clerk's and reporters' transcripts of the entire case,
including pretrial proceedings, trial, jury instructions, argument and sentencing,
along with all written motions and filings.

## CONCLUSION

For the reasons discussed above, appellant respectfully urges that this Court find appellant's purported waiver unenforceable and reinstate his right to appeal. Further, this Court should order preparation of a full and complete record on appeal, including complete clerk's and reporters' transcripts so that cognizable appellate issues can be raised.

Dated: June 22, 2005

Respectfully submitted,

Hilda Scheib
Attorney for Appellant

## CERTIFICATE OF WORD COUNT

I, HILDA SCHEIB, certify that I prepared the opening brief using Times New Roman 13-pt. font. The document contains 1,954 words, exclusive of Tables of Content and Authorities.

Respectfully submitted,

Hilda Scheib
Attorney for Appellant

11

## CERTIFICATE OF SERVICE

I, HILDA SCHEIB, am an attorney licensed to practice law in the State of California and not a party to the within action. My business address is P. O. Box 29098, San Francisco, CA 94129. On June 26, 2005, I caused to be served
APPELLANT'S OPENING BRIEF

on:

State Attorney General
455 Golden Gate Avenue
San Francisco, CA 94102

Bryant Eugene Davis

First District Appellate Program
730 Harrison Street
San Francisco, CA 94107

Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

Alameda County District Attorney
1225 Fallon Street
Oakland, CA 94612

by causing a true and correct copy to be placed in a sealed envelope, with first class postage thereon fully prepaid, and deposited in the United States mail at San Francisco, CA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this [26th] day of June, 2005, in San Francisco, CA.