# EXHIBIT B



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

Court of Appeal First Appellate District
SEP 26 2005
By JA Deputy Clerk

**THE PEOPLE OF THE STATE OF CALIFORNIA,**

Plaintiff and Respondent,

**v.**

**BRYANT EUGENE DAVIS,**

Defendant and Appellant.

A107183

ATTORNEY GENERAL-
OFFICE COPY

Alameda County Superior Court No. C143935A
Thomas M. Reardon, Judge

**RESPONDENT'S BRIEF**

BILL LOCKYER
Attorney General of the State of California

ROBERT R. ANDERSON
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

MICHELE J. SWANSON
~~Deputy Attorney General~~

JOAN KILLEEN
~~Deputy Attorney~~ General

State Bar No. 111679

455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5968
Fax: (415) 703-1234

Attorneys for Respondent

6/27/2005 XOBF
DOCKETED
SAN FRANCISCO
SEP 27 2005
By L. MACARAEG
No. SF2004DA1257

# TABLE OF AUTHORITIES


| | Page |
|---|---|
| **Cases** | |
| *People v. Marsden* (1970) 2 Cal.3d 118 | 2 |
| *People v. Panizzon* (1996) 13 Cal.4th 68 | 7, 8 |
| *People v. Rosso* (1994) 30 Cal.App.4th 1001 | 7, 8 |
| **Statutes** | |
| Penal Code | |
| § 187 | 1 |
| § 190.2, subd. (a)(17)(A) | 1 |

## TABLE OF CONTENTS

| | Page |
|---|---|
| STATEMENT OF THE CASE | 1 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 4 |
| **APPELLANT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY WAIVED HIS RIGHT TO APPEAL** | 4 |
| A. Background | 4 |
| B. The Record Shows That Appellant Understood The Waiver Of His Appeal Rights | 7 |
| CONCLUSION | 10 |

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

| THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff and Respondent, v. BRYANT EUGENE DAVIS, Defendant and Appellant. | A107183 |
|---|---|

**STATEMENT OF THE CASE**

On January 5, 2004, the Alameda County District Attorney filed a first amended information charging appellant Bryant Eugene Davis with murder (Pen. Code, § 187, count one)[1] and second degree robbery (§ 211, count two). The information alleged a special circumstance as to count one, that the murder was committed while appellant was engaged in the commission of robbery (§ 190.2, subd. (a)(17)(A)). The information further alleged that appellant had suffered eight prior felony convictions and had served five prison terms (§ 667.5, subd. (b)). (CT 318-324.)

On February 3, 2004, appellant admitted the prior conviction allegations, and the trial court found them to be true. (CT 368; 2/3/2004 [Augmented] RT 1-15.) On a date not specified in the appeal record, a jury found appellant guilty of robbery, but deadlocked on the murder charge. (See CT 450, 452.)

On May 21, 2004, the parties agreed to a negotiated resolution in which appellant would be sentenced to a total term of ten years, consisting of

1. Unless otherwise noted, all further statutory references are to the Penal Code.

five years for the robbery charge and five years for the five prior prison term allegations, and the murder charge would be dismissed. As part of the negotiated resolution, appellant agreed to waive his rights to appeal. (CT 452-453.)

On July 9, 2004, the date set for sentencing, the trial court heard and denied appellant's motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. (7/9/2004 Minute Order; 7/9/2004 [*Marsden* Motion] RT 11-12.) On the same date, the court denied appellant's motion to withdraw his waiver of appeal rights. (CT 459; 7/9/2004 [Sentencing] RT 1-2.) The court sentenced appellant to the aggravated term of five years on the robbery charge and to one year for each of his five prior prison terms, to be served consecutively. (CT 459-461; 7/9/2004 [Sentencing] RT 2-3.)

On July 20, 2004, appellant filed a notice of appeal. (CT 462.)

## STATEMENT OF FACTS

A statement of facts is not relevant to the issue raised on appeal. The following factual summary is taken from the probation officer's report.

> Per Berkeley Police Report #02-011107: Near 1:30 a.m., witness observes victim—a 52-year-old male who ". . . (suffered) from tuberculosis and a medical condition that does not allow him to straighten his neck or lift his head"—being robbed while seated on a bus bench by the defendant and codefendant. Immediately prior the two had walked behind the bench. From that vantage point the codefendant "grabbed (the victim) around the neck with both hands, picking his head up. (Defendant) . . . reached into the victim's pockets and started pulling stuff out. The victim never resisted."
>
> After the victim confirmed the robbery, the witness telephoned police who shortly detained the defendant and codefendant at a nearby location, also recovering the victim's Mastercard and shopping card from a nearby sidewalk. The witness was transported to the scene where he identified the pair as the responsibles. The victim was taken to the hospital for emergency treatment but released. Several hours later, he was returned to the hospital where it was determined he was

> "swollen/bleeding under the skin" of his "neck and shoulder area" and had possible "fluid in his lungs." The victim's condition continued to deteriorate, the victim "going into cardiac arrest and (having) stopped breathing." He was revived with advanced life support but ultimately expired.

(CT 467.)

## ARGUMENT

### APPELLANT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY WAIVED HIS RIGHT TO APPEAL

The sole issue on appeal is whether appellate knowingly, voluntarily, and intelligently waived his right to appeal. (See CT 472.) The record shows that appellant's claim to the contrary is without merit.

### A. Background

At the May 21, 2004, change of plea proceeding, defense counsel set forth the terms of the negotiated disposition. (CT 452.) The court asked appellant if that was his understanding, to which appellant replied that it was. (CT 453.) The following exchange then occurred:

> THE COURT: [Prosecutor], is that your understanding?
> [PROSECUTOR]: Also waive all of the appellate rights on the trial.
> THE COURT: That's my understanding as well. [Defense counsel]?
> [DEFENSE COUNSEL]: Yes.
> THE COURT: Mr. Davis?
> [DEFENSE COUNSEL]: He understood he waived it at this point.
> THE COURT: Is that right?
> DEFENDANT DAVIS: Yes.

(CT 453.) Appellant's codefendant, Michael Porter, also waived his appellate rights. (CT 454-455.)

At the sentencing proceedings on July 9, 2004, defense counsel said that appellant wanted to make a motion to withdraw his waiver of his right to appeal, and that he was bringing the matter to the court's attention on appellant's behalf. (7/9/2004 [Sentencing] RT 1.) When the court asked if there were any grounds for the motion, counsel replied, "The grounds have

been discussed in the Marsden motion. Judge Burr ruled on that. ¶ One of his reasons for the Marsden was he thought about the waiver of appellate rights. That's been ruled on in the Marsden." (*Id.* at pp. 1-2.) Counsel further explained, "His reasoning was I misled him about what the waiver of appellate rights meant. It was not—he got back upstairs. He got out of the courtroom setting, and back into custody, and he realized what he had done." (*Id.* at p. 2.) When the court asked counsel's position, he replied, "My position is that I did not deliberately mislead but, obviously, he's the only person who knows his state of mind. My recollection is that the Court discussed it." (*Ibid.*) The court responded,

> I specifically discussed that issue with Mr. Davis, so I'm not sure what the confusion would have been. [The prosecutor] raised it. You indicated that that was your understanding, [defense counsel]. And then I asked Mr. Davis whether that was his, and he said "yes."

(*Ibid.*) The court denied the motion to withdraw the waiver of appellate rights. (*Ibid.*)

As the foregoing colloquy indicated, the issue of appellant's appellate rights was raised in the *Marsden* hearing, which was held shortly before the sentencing hearing. Among the grounds appellant raised concerning his trial on murder and robbery charges, appellant contended,

> And May 15th, 2004, my counsel told me to take ten years because I've got a whole lot of prior convictions. When I asked him if I took ten years would that affect my appeal action, he said no. But, you know, I'm saying then I—he also said—when I—excuse me. When I didn't hear the Judge correctly he said if—what exactly did he say? You give up your right to appellate court? I don't know exactly what that mean. I looked at my counsel like just say, say, yeah, just say yeah, and then I get back, you know, saying and go over some paperwork and I find out that I have just gave up my right to appeal. So my counselor gave me very false information on that.

(7/9/2004 [*Marsden* Motion] RT 5.) When the court asked counsel about appellant's complaint, counsel responded,

waiver of the right to appeal, the record lacks any basis for finding his waiver knowing and voluntary. He is mistaken.

The court in *Panizzon* stated that a waiver could be manifested either orally or in writing. (13 Cal.4th at p. 80.) In that case, the defendant had executed a written waiver form. The absence of any on-the-record admonishments was not necessary because the record showed, through the written form, that the defendant voluntarily waived his right to appeal. (*Id.* at pp. 80-84.) In finding that a written waiver was sufficient, the court stated,

> Thus, in *People v. Castrillon* [(1991) 227 Cal.App.3d 718], a trial court was not required to question a defendant specifically regarding the right to appeal where both the defendant and his attorney had signed a waiver form and had attested to the defendant's knowing and voluntary relinquishment of his rights and where the trial court's examination of the defendant and his attorney raised no questions concerning defendant's comprehension of his rights and of the consequences of his plea.

(*Panizzon, supra,* 13 Cal.4th at p. 83.) Based on the written waiver form and the absence of any indication that the defendant did not understand he had waived his right to appeal, the court concluded the waiver was "knowing, intelligent, and voluntary despite the absence of a specific admonishment by the trial court." (*Id.* at p. 84.)

The *Panizzon* court distinguished *People v. Rosso, supra,* 30 Cal.App.4th 1001, upon which appellant relies, by pointing out that in that case, the trial court had added the words, "and your right to appeal," when taking the defendant's waiver of his rights as a whole. No other mention of appellate rights appeared in the record, nor was there evidence that the defendant had signed a written waiver form *or* that counsel had explained the right to appeal to his client. (*Panizzon, supra,* 13 Cal.4th at p. 84.)

Here, the trial court did not expressly admonish appellant at the change of plea proceeding regarding his waiver of the right to appeal. There

also does not appear to have been a written waiver form executed by appellant regarding waiver of the right to appeal.

However, the record does establish that appellant and his counsel discussed whether appellant should waive his right to appeal in exchange for the prosecution's agreement to drop the murder charge. Appellant raised the issue because he wanted to be able to challenge his counsel's competency with respect to his robbery conviction. Counsel assured appellant that he could do so by way of a petition for writ of habeas corpus, and that he did not need to retain his appeal rights for that purpose. These issues were fully explored at the *Marsden* hearing. Counsel also explained that the parties had been attempting to resolve the case for some time, thus indicating that they had discussed how the case could be resolved short of retrial, including the appellate rights waiver. When appellant agreed to the waiver at the change of plea proceeding, he did so after having discussed his appeal rights with counsel. He gave no indication that he did not understand what he was waiving, even after the court expressly asked him if he agreed to the waiver. Accordingly, his belated claim that he did not understand what he was waiving is belied by the record. Moreover, the trial court made a factual finding at the *Marsden* hearing that appellant did understand his waiver and had not been misled.

In light of the evidence at the *Marsden* hearing that appellant knew before the change of plea proceeding that he was giving up his right to appeal, and that he had agreed to that waiver of rights after discussing the issue and being advised by counsel, appellant's claim that his waiver was not knowing and voluntary is without merit. Appellant's claim to the contrary should be rejected.

## CONCLUSION

Accordingly, respondent respectfully requests that the judgment be affirmed.

Dated: September 26, 2005

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of California

ROBERT R. ANDERSON
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

MICHELE J. SWANSON
Deputy Attorney General

JOAN KILLEEN
Deputy Attorney General

Attorneys for Respondent

SF2004DA1253
20029507.wpd
JK/jk/lls

**CERTIFICATE OF COMPLIANCE**

I certify that the attached RESPONDENT'S BRIEF uses a 13 point Times New Roman font and contains 2487 words.

Dated: September 26, 2005

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of California

JOAN KILLEEN
Deputy Attorney General

Attorneys for Respondent

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name: **People v. Bryant Eugene Davis** No.:**A107183**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 26, 2005**, I served the attached **RESPONDENT'S BRIEF** placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Hilda Scheib
P.O. Box 29098
San Francisco, CA 94129

Clerk of the Superior Court
1225 Fallon Street, Room 107
Oakland, CA 94612

First District Appellate Project
730 Harrison Street, Suite 201
San Francisco, CA 94107

Honorable Thomas Orloff
District Attorney
1225 Fallon Street, Room 900
Oakland, CA 94612-4203

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 26, 2005**, at San Francisco, California.

L. SORENSEN
Declarant

L. Sorensen
Signature

20029689.wpd