EXHIBIT C

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) No. A107183 |
| | ) |
| Plaintiff and Respondent, | ) |
| | ) Alameda County |
| v. | ) Sup.Ct. No. |
| | ) C143935A |
| BRYANT EUGENE DAVIS, | ) |
| | ) |
| Defendant and Appellant. | ) |
| | ) |

DOCKETED
SAN FRANCISCO
OCT 1 9 2005
By _____ F. BISA
No. SF2004 0A125 3

## APPELLANT'S REPLY BRIEF

Appeal from the Judgment of the Superior Court
of the State of California
for the County of Alameda

HONORABLE THOMAS M. REARDON, JUDGE

Hilda Scheib, Esq.
SBN 96081
P. O. Box 29098
San Francisco, CA 94129
415-750-9397

Attorney for Appellant
Under the First District Appellate
Project Independent Case System

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) No. A107183 |
| | ) |
| Plaintiff and Respondent, | ) |
| | ) Alameda County |
| v. | ) Sup.Ct. No. |
| | ) C143935A |
| BRYANT EUGENE DAVIS, | ) |
| | ) |
| Defendant and Appellant. | ) |
| | ) |

---

**APPELLANT'S REPLY BRIEF**

---

Appeal from the Judgment of the Superior Court
of the State of California
for the County of Alameda

---

HONORABLE THOMAS M. REARDON, JUDGE

---

Hilda Scheib, Esq.
SBN 96081
P. O. Box 29098
San Francisco, CA 94129
415-750-9397

Attorney for Appellant
Under the First District Appellate
Project Independent Case System

# TABLE OF CONTENTS

PAGE

INTRODUCTION                                                          1

ARGUMENT

  APPELLANT'S PURPORTED WAIVER OF HIS RIGHT           2
TO APPEAL WAS NOT VOLUNTARY, KNOWING OR
INTELLIGENT.

CONCLUSION                                                           11

CERTIFICATE OF WORD COUNT                                  11

# TABLE OF AUTHORITIES

CASES

People v. Castrillon                                                 3,7
(1991) 227 Cal.App.3d 718

People v. Charles                                                    7
(1985) 171 Cal.App.3d 552

People v. Kelly                                                      3,6
(1994) 22 Cal.App.4th 533

People v. Marsden                                                    5
(1970) 2 Cal.3d 118

People v. Nguyen                                                     6
(1993) 13 Cal.App.4th 114

People v. Panizzon                                                   2,3,7
(1996) 13 Cal.4th 68

People v. Rosso                                                      5,6,7
(1994) 30 Cal.App.4th 1001

People v. Vargas                                                     6,7

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) A107183 |
| | ) |
| Plaintiff and Respondent, | ) Alameda County |
| | ) Sup.Ct. No. |
| v. | ) C143935A |
| | ) |
| BRYANT EUGENE DAVIS, | ) |
| | ) |
| Defendant and Appellant. | ) |
| | ) |

## APPELLANT'S REPLY BRIEF

### INTRODUCTION

In this reply, appellant addresses only those issues raised in respondent's brief which require further discussion. Failure to respond to any particular issue does not, however, constitute waiver of any objection thereto.

## ARGUMENT

### APPELLANT'S PURPORTED WAIVER OF HIS RIGHT TO APPEAL WAS NOT VOLUNTARY, KNOWING OR INTELLIGENT.

Before taking a plea, the trial court must admonish the defendant as to the constitutional rights being waived, as well as the direct consequences of the plea, including, when applicable, waiver of the right to appeal. (People v. Panizzon (1996) 13 Cal.4th 68, 80.) While this is the general rule, courts have, nonetheless, recognized a limited exception: when, **at a minimum,** the defendant validly executes a written form waiving his right to appeal, that form may substitute for oral advisement.

Panizzon is illustrative of this exception. There, though the trial court failed to orally admonish the defendant as to the rights he waived, the defendant read and signed an 11-page document prior to his plea. The defendant initialed paragraphs stating that he gave up his right to appeal his sentence and the denial of motions, that the plea was made without threats or promises and that he was not under the influence of drugs or alcohol. He initialed a box stating that he had personally initialed each paragraph, that he had discussed them all with his attorney, and that he understood and gave up each of the designated rights in order to enter his plea. (13 Cal.4th at pp. 81-82.) His attorney also signed a statement that he had explained each point with the defendant, that he concurred in his

2

decision, and that he stipulated to the use of the document as evidence of

intelligent waiver on the defendant's part. The district attorney and the trial judge

also signed the waiver form. (13 Cal.4th at p. 82.) At the change of plea hearing,

in response to questioning by the court, the defendant stated that he recognized and

had executed the waiver form, that he had had ample time to discuss the contents

of the waiver form with his attorney and he confirmed that he had read, understood

and personally initialed the relevant paragraphs. (Id.) "Under these

circumstances," the Panizzon Court concluded, "we are satisfied that defendant's

waiver of the right to appeal was knowing, intelligent and voluntary despite the

absence of specific admonishment by the trial court." (13 Cal.4th at p. 84.)

Similarly, in People v. Castrillon (1991) 227 Cal.App.3d 718, 722, as part

of his plea, the defendant executed a written waiver of his right to appeal the

denial of his motion to suppress. Both the defendant and his attorney had signed

the waiver form and both orally attested to the defendant's knowing and intelligent

relinquishment of his rights, including his right to appeal. The trial court orally

examined both the defendant and his attorney; the examination raised no questions

as to the defendant's lack of comprehension of his rights or the consequences of

his plea. Under these circumstances, the court concluded that oral advisement by

the trial court was not necessary. (227 Cal.App.3d at pp. 722-723.)

So too, the Court in People v. Kelly (1994) 22 Cal.App.4th 533, 535, found

3

a waiver by the defendant of his right to appeal to be valid, even in the absence of specific admonishment by the court, because (1) the defendant had executed a valid written waiver form, which he initialed and signed and which explicitly stated that he had read and understood the waiver form and was giving up his right to appeal; (2) his attorney also represented that he had reviewed the waiver form and explained it to the defendant; and (3) at a court hearing, the defendant orally stated that he had understood the form.

Hence, in all three illustrative cases, the defendant had validly executed a waiver form which explicitly established that he was aware of his right to appeal, that he had consulted with his attorney, and that he understood and voluntarily relinquished that right. In each case, defense counsel also represented that he had discussed the consequences of the plea, including waiver of the right to appeal, with their clients. Further, in each case, the trial court undertook further inquiry to ascertain that the defendant had indeed executed the form and understood its terms, including the relinquishment of the right to appeal.

Respondent apparently concedes that the trial court here failed to orally advise appellant regarding his waiver of the right to appeal prior to his entry of that waiver. (Resp.Bf., pp. 8-9.) Nor could respondent dispute that fact: the record is clear that on May 21, 2004, the date on which appellant entered his plea and purportedly waived his appeal rights, the court never advised him regarding his

4

right to appeal. (CT 453)

Respondent also apparently concedes that appellant executed no written form waiving his right to appeal. (Resp.Bf., pp. 8-9 ["There also does not appear to have been a written waiver form executed by appellant regarding waiver of the right to appeal."] And indeed, this fact too is beyond dispute, as the record is devoid of any written form executed by appellant in connection with his change of plea or any reference to one.

Still, respondent urges that appellant's purported waiver of his right to appeal in this case was valid, even in the absence of oral advisement or execution of a written waiver form -- let alone the absence of further inquiry by the court as to the voluntariness of the waiver of appeal rights and defense counsel's representation that he had explained the consequences of the waiver of the right to appeal to his client. Without any citation to authority, respondent suggests that statements made by defense counsel in the context of a Marsden[1] hearing are alone sufficient to establish that appellant knowingly, intelligently and voluntarily waived his right to appeal.

Respondent is wrong both legally and factually. Respondent intimates that People v. Rosso (1994) 30 Cal.App.4th 1001, 1006 holds that evidence that counsel has explained his rights to his client suffices to exempt the court from

---

[1]People v. Marsden (1970) 2 Cal.3d 118.

providing oral advisement. (Resp.Bf., p. 8.)  In fact, <u>Rosso</u> held that in the absence

of an oral advisement by the court or validly executed written waiver by the

defendant, a defendant cannot be found to have properly waived his right to

appeal. Advice by counsel necessarily accompanies execution of a valid written

waiver – it does not substitute for it.

    <u>Rosso</u> is factually very similar to this case.  At the plea hearing, the court

questioned the defendant about the waiver of his constitutional rights, then for the

first time, and only tangentially, referred to his waiver of his right to appeal:

> THE COURT: Have you discussed these constitutional rights with your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand each and every one of those rights?
>
> THE DEFENDANT: Yes, I understand.
>
> THE COURT: Do you want to give up those rights and your right to appeal?
>
> THE DEFENDANT: Yes, I waive them. (30 Cal.App.4th at p. 1006.)

Finding the waiver invalid, the Court held:

> In this case, there was neither a written waiver form including an
> advisement and waiver of appeal rights, read, initialed and signed by
> Rosso after discussion with his attorney, nor an oral advisement of
> his appellate rights. All the cases cited above[2] included one or both

---

[2]

These include <u>People</u> v. <u>Vargas</u> (1993) 13 Cal.App.4th 1653, 1657, <u>People</u> v.
<u>Nguyen</u> (1993) 13 Cal.App.4th 114, 119, <u>People</u> v. <u>Kelly</u>, <u>supra</u>, 22 Cal.App.4th

of these safeguards.  Here the trial court did not advise Rosso of his rights to appeal generally, or of his specific right to appeal the denial of his pretrial section 1538.5 motion.  While there was a purported waiver, there was no advisement, and we cannot say the waiver was knowing and intelligent.
(30 Cal.App.4th at p. 1007.)

Here, as in Rosso, appellant purportedly waived his right to appeal, but without any prior advisement by the court regarding that right and without prior execution of a written waiver form, accompanied by consultation with counsel regarding the matters raised in that form.[3]  Rosso concluded that waiver without prior oral advisement by the court or execution of a valid written waiver following consultation with counsel was neither knowing or intelligent.  The same conclusion is mandated here.

Advice by counsel does not substitute for oral advisement by the court or execution by the defendant of a written waiver. Nor do the facts of the Marsden hearing in this case prove otherwise.  At the July 9, 2004 Marsden hearing, the trial

---

533, People v. Castrillon, supra, 227 Cal.App.3d 718, and People v. Charles (1985) 171 Cal.App.3d 552, 554.)

[3]

Respondent refers to Rosso only obliquely, never actually referring to the case, but instead relying on Panizzon's discussion of Rosso.  Respondent attempts to suggest that Panizzon found that advise by counsel was alone sufficient to render a defendant's waiver of his right to appeal knowing and intelligent. (Resp.Bf., p. 8.)  In fact, neither Rosso nor Panizzon held any such thing.  Both concluded that a defendant's waiver cannot be valid in the absence of oral advisement by the court or valid execution of a written waiver by a defendant following advice and consultation with his counsel.  (Rosso, at p. 1007; Panizzon, at pp. 80, 83.)

7

court[4] concluded that there was no basis to dismiss defense counsel on ineffective

assistance grounds.  The court did not, however, have before it the issue of

whether appellant knowingly, intelligently and voluntarily waived his right to

appeal.

Among the grounds appellant raised in his Marsden motion was defense

counsel's failure to adequately explain to him that he was waiving his right to

appeal. (RT [7/9/04] pp. 5, 8-9) In response to appellant's assertion, defense

counsel stated:

> The Judge asked him if he waived the right [to appeal].  It is my
> belief that Mr. Davis understood what he was waiving. I certainly
> did not tell him it made no difference.  At that time he was
> complaining about my competence or lack of it. I said you can
> reach my competency by writ of habeas corpus in any instance.
> (RT [7/9/04] p. 6.)

The court denied appellant's Marsden claim that defense counsel failed to properly

explain to him the waiver of appeal rights because it believed that appellant, who

had suffered a number of prior convictions, necessarily must have understood what

his appellate rights were. (RT [7/09/04] p. 12 ["Given the frequency with which

you pass through these courtrooms, I find it rather difficult to believe, sir, that you

didn't understand what your appellate rights were."]) The court, however, had no

information before it as to the nature or disposition of those prior convictions, i.e.,

---

[4] The Marsden motion was heard by a second judge, Kenneth Burr.

whether they resulted from plea or trial, and whether appeal rights were explained to appellant or exercised.

The crux of the issue, however, is that the court's <u>Marsden</u> determination was that defense counsel was not ineffective in his handling of appellant's case and his removal was not warranted, not that appellant knowingly and voluntarily waived his right to appeal. As to that question, this case precisely illustrates why oral advisement by the trial court or a validly executed written waiver, or both, are necessary. Had the trial court advised appellant and questioned him as to whether he understood the advisement, possible confusion between habeas corpus relief and appeal rights might have been cleared up. Appellant would have had the opportunity to raise whatever questions or concerns he had with the court. Alternatively, had appellant executed a written waiver, he would have had to read it, initial each paragraph and sign it, indicating that he understood the right he waived. His attorney too would have represented that he explained appellant's right to appeal. The court would then most likely have questioned appellant as to the execution of the written waiver. These steps would constitute substantial evidence on the record that appellant knowingly, intelligently and voluntarily waived his right to appeal.

The necessity for on-the-record advisement or a properly signed written waiver is also underscored by the colloquy which took place following the

9

Marsden proceeding on July 9, 2004, when appellant attempted to move to withdraw his waiver of his right to appeal. When the court asked defense counsel's opinion of appellant's motion, defense counsel stated, "My position is that I did not deliberately mislead but, obviously, he's the only person who knows his state of mind. My recollection is that the Court discussed it." (RT [7/9/04] p. 2.) The court responded:

> I specifically discussed the issue with Mr. Davis, so I'm not sure
> what the confusion would have been. [The prosecutor] raised it.
> You indicated that that was your understanding, [defense counsel].
> And then I asked Mr. Davis whether that was his, and he said "yes."
> (RT [7/9/04] p. 2.)

The court then denied appellant's motion.

A comparison of this July 9, 2004 discussion with the May 21, 2004 change of plea hearing makes clear that both defense counsel and the court failed to accurately recall the nature of the purported advisement and waiver. Contrary to both their recollections, on May 21, 2004, the trial court did not "specifically discuss the issue" with appellant. Instead, as discussed supra and in appellant's opening brief (AOB, pp. 5-6), the court asked defense counsel if he understood that appellant was waiving his right to appeal. Defense counsel then indicated that he did. He asked appellant if he waived his right and appellant said "yes." (CT 453) The court gave no other advisement or explanation of appeal rights or what the consequences of that waiver were.

10

The burden is on the party claiming the existence of a waiver of the right to appeal to prove it by evidence that does not leave the matter open to speculation. Doubtful cases should be resolved against waiver. "The right to appeal should not be considered waived or abandoned except where the record clearly establishes it." (People v. Vargas (1993) 13 Cal.Ap.4th 1653, 1657.) The record in this case — without oral advisement, without a written waiver, and with only a Marsden hearing decision that trial counsel was not ineffective for failing to explain the right to appeal — does not clearly establish waiver or prove waiver "by evidence that does not leave the matter open to speculation."

On this basis, this Court should conclude that appellant did not knowingly, intelligently and voluntarily waive his appeal rights. That right should be reinstated and a full record should be ordered so that meaningful appeal is possible.

11

## CONCLUSION

For these reasons, as well as those discussed in appellant's opening brief,

appellant respectfully urges that this Court find appellant's purported waiver

unenforceable and reinstate his right to appeal.  Further, this Court should order

preparation of a full and complete record on appeal.

Dated: October 15, 2005

Respectfully submitted,

Hilda Scheib
Attorney for Appellant

## CERTIFICATE OF WORD COUNT

I, HILDA SCHEIB, certify that I prepared this brief using Times New

Roman 13-pt font.  The document contains 2,194 words, exclusive of Tables and

Certificate of Service.

Dated: October 15, 2005

Respectfully submitted,

Hilda Scheib
Attorney for Appellant

## CERTIFICATE OF SERVICE

I, HILDA SCHEIB, am an attorney licensed to practice law in the State of California and not a party to the within action. My business address is P. O. Box 29098, San Francisco, CA 94129. On October 17, 2005, I caused to be served
APPELLANT'S REPLY BRIEF

on:

Joan Killeen, Deputy Attorney General
455 Golden Gate Avenue
San Francisco, CA 94102

Bryant Eugene Davis

First District Appellate Project
730 Harrison Street
San Francisco, CA 94107

Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

Alameda County District Attorney
1225 Fallon Street
Oakland, CA 94612

by causing a true and correct copy to be placed in a sealed envelope, with first class postage thereon fully prepaid, and deposited in the United States mail at San Francisco, CA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 17th day of October, 2005, in San Francisco, CA.