# EXHIBIT E

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA,    ) Supreme Court No.
                                          )
    Plaintiff and Respondent,             ) Court of Appeal
                                          ) No. A107183
v.                                        )
                                          ) Alameda County
BRYANT EUGENE DAVIS,                      ) Sup.Ct. No.
                                          ) 143935A
    Defendant and Appellant.              )
_____      )

---

## PETITION FOR REVIEW

---

Hilda Scheib, Esq.
SBN 96081
P. O. Box 29098
San Francisco, CA 94129
415-750-9397

Attorney for Appellant

DOCKETED
SAN FRANCISCO
MAR - 8 2006
By    D. VELASCO
No. SF2002494 1253

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) Supreme Court No. |
| | ) |
| Plaintiff and Respondent, | ) Court of Appeal |
| | ) No. A107183 |
| v. | ) |
| | ) Alameda County |
| BRYANT EUGENE DAVIS, | ) Sup.Ct. No. |
| | ) 143935A |
| Defendant and Appellant. | ) |
| | ) |

## PETITION FOR REVIEW

Hilda Scheib, Esq.
SBN 96081
P. O. Box 29098
San Francisco, CA 94129
415-750-9397

Attorney for Appellant

# TABLE OF CONTENTS

PAGE

INTRODUCTION      2

ISSUE PRESENTED FOR REVIEW      3

REASONS FOR GRANTING REVIEW      3

STATEMENT OF THE CASE AND OF FACTS      4

ARGUMENT SUPPORTING GRANT OF REVIEW

    REVIEW SHOULD BE GRANTED TO DETERMINE      6
    IF A WAIVER OF THE RIGHT TO APPEAL MAY BE
    KNOWING, INTELLIGENT AND VOLUNTARY WHEN
    THE TRIAL COURT FAILS TO ADMONISH THE
    DEFENDANT REGARDING THE RIGHT TO APPEAL
    AND THE DEFENDANT DOES NOT EXECUTE A
    VALID WRITTEN WAIVER.

CONCLUSION      10

CERTIFICATE OF WORD COUNT      10

EXHIBIT A

# TABLE OF AUTHORITIES

CASES                                                    PAGE

People v. Berkowitz                                      7
(1995) 34 Cal.App.4th 671

People v. Castrillon                                     7
(1991) 227 Cal.App.3d 718

People v. Kelly                                          7
(1994) 22 Cal.App.4th 533

People v. Marsden                                        4
(1970) 2 Cal.3d 118

People v. Panizzon                                       3,6
(1996) 13 Cal.4th 68

People v. Rosso                                          7,8
(1994) 30 Cal.App.4th 1001

People v. Vargas                                         8
(1993) 13 Cal.App.4th 1653

STATUTES

Penal Code § 187                                        4

         § 667.5                                        4

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) Supreme Court No. |
| | ) |
| Plaintiff and Respondent, | ) Court of Appeal |
| | ) No. A107183 |
| v. | ) |
| | ) Alameda County |
| BRYANT EUGENE DAVIS, | ) Sup.Ct. No. |
| | ) 143935A |
| Defendant and Appellant. | ) |
| | ) |

## PETITION FOR REVIEW

TO THE HONORABLE CHIEF JUSTICE, RONALD M. GEORGE, AND THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:

Petitioner and appellant BRYANT EUGENE DAVIS (hereinafter "appellant") petitions this Court for review following the attached judgment of the Court of Appeal, First Appellate District, Division Three, issued on January 31, 2006. The ground for so appealing is that the issue raised by this petition is one of statewide importance, for which review by this Court is necessary and desirable.

2

## ISSUE PRESENTED FOR REVIEW

This case presents the following issue for review:

Can a defendant knowing and voluntarily waive his right to appeal from a judgment of conviction when the trial court does not admonish him regarding the right of appeal and the defendant does not execute a written waiver of that right.

## REASONS FOR GRANTING REVIEW

This issue is one of wide ranging, statewide importance.

The Court of Appeal concluded that a waiver of the right to appeal may be voluntary, knowing and intelligent, even if the trial court fails to orally advise the defendant about the right to appeal that he is waiving and the defendant fails to execute a written waiver of that right. (Opn., p. 4.) Appellant respectfully urges that this conclusion is contrary to controlling authority and to the principles underlying waiver. (People v. Panizzon (1996) 13 Cal.4th 68, 80, and cases cited therein.)

Because this is impacts a right affecting numerous defendants, this Court should review the issue.

3

## STATEMENT OF THE CASE AND OF FACTS

On January 5, 2004, the Alameda County district attorney charged appellant with murder committed in the course of a robbery (Pen. Code[1] 187, subd.(a) (count one) and second degree robbery. The information also alleged that he had eight prior felony convictions and had served five prior prison terms within the meaning of section 667.5, subdivision (b).  Following trial, the jury found appellant guilty of robbery, but were unable to reach a verdict on the murder count. The court declared a mistrial. (CT 450, 452; RT [2/03/04] pp. 2-15.)

On May 21, 2004, prior to the scheduled retrial, a negotiated resolution was reached, whereby the court would impose a state prison sentence of ten years, comprised of aggravated term of five years on the robbery and one year for five prior prison term enhancements. The murder charge and all other enhancements — i.e., the first, sixth and seventh prior prison term enhancement allegations – were dismissed. Appellant waived sentencing by the trial judge.  In addition, appellant purportedly waived all appellate rights as to the trial. (CT 452-453)

On July 9, 2004, the court denied appellant's <u>Marsden</u>[2] motion. The court also denied appellant's motion to withdraw his waiver of his right to appeal. (CT 459-461; RT [7/09/04] p. 2.)

Appellant was sentenced to a state prison term of ten years, consisting of the aggravated term of five years for the robbery and five one-year terms pursuant to section 667.5, subdivision (b). (CT 459-461; RT [7/09/04] pp. 2-3.)

---

[1] All statutory references are to the California Penal Code unless otherwise stated.

[2] <u>People</u> v. <u>Marsden</u> (1970) 2 Cal.3d 118.

On June 26, 2005, appellant filed an opening brief, contending that his purported waiver of his right to appeal was not voluntary, knowing or intelligent.

On January 31, 2006, the Court of Appeal, First Appellate District, Division Three, concluded that appellant validly waived his right to his appeal from his conviction and therefore dismissed the appeal. (A true and correct copy of the opinion is attached hereto as Exh. A.)

Appellant now timely petitions this Court for review.

5

## ARGUMENT SUPPORTING GRANT OF REVIEW

REVIEW SHOULD BE GRANTED TO DETERMINE IF A WAIVER
OF THE RIGHT TO APPEAL MAY BE KNOWING, INTELLIGENT
AND VOLUNTARY WHEN THE TRIAL COURT FAILS TO ADMONISH
THE DEFENDANT REGARDING THE RIGHT TO APPEAL AND
THE DEFENDANT DOES NOT EXECUTE A VALID WRITTEN WAIVER.

---

A defendant may waive the right to appeal, so long as that waiver is knowing, intelligent and voluntary. (People v. Panizzon, supra, 13 Cal.4th 68, 80.) On appeal, appellant contended that a waiver of the right to appeal cannot be knowing, intelligent and voluntary if the trial court does not admonish the defendant of that right prior to waiver, or, alternatively, if the defendant does not validly execute a written form, indicating that he has been advised of that right.

The Court of Appeal disagreed, stating: "We conclude that the record does not support Davis' argument that an oral advisement by the trial court and/or an executed written waiver is necessary to uphold his waiver of his right to appeal." (Opn., p. 4.) In so holding, the Court relies on Panizzon for the conclusion that "the issue of whether an oral admonishment is warranted depends upon the circumstances of the case." (Opn., p. 4, citing Panizzon, supra, 13 Cal.4th at p. 84.)

In Panizzon, however, this Court made clear that for a waiver to be knowing, intelligent and voluntary, there must first be admonishment given to the defendant of the right to appeal. That advisement need not necessarily be oral; it may also be in writing, in the form of a validly executed written waiver. This Court explained: "A trial court normally must admonish a defendant of the direct consequences of a plea of guilty or nolo contendere. However, a court may rely on a defendant's validly executed waiver form as a proper substitute for personal

6

admonishment." (13 Cal.4th at p. 84.)    Illustrative of this point, this Court in Panizzon then discussed People v. Castrillon (1991) 227 Cal.App.3d 718 and concluded that a trial court is not required to question a defendant specifically regarding his right to appeal where both the defendant and his attorney executed a valid written waiver form and attested to the defendant's knowing, intelligent and voluntary waiver of his right to appeal. (13 Cal.4th at pp. 84-85.) Hence, contrary to the Court of Appeal's conclusion, Panizzon does not hold that neither oral admonishment nor written waiver is necessary for valid waiver of the right to appeal. Rather, Panizzon holds that oral admonishment is not necessary, so long as there is a validly executed written waiver form. demonstrating that the defendant's waiver is knowing and intelligent.

The Court of Appeal also cites People v. Berkowitz (1995) 34 Cal.App.4th 671, 678, for the proposition that no case "requires a writing," and there is no reason why such a requirement should be imposed. While this is accurate, it is beside the point: Appellant does not contend that a written waiver form is required in every case involving waiver of the right to appeal. Rather, appellant urges that, as Panizzon holds, *either* oral admonishment by the trial court *or* a validly executed written waiver form is necessary to establish that a defendant's waiver of his right to appeal is knowing, intelligent and voluntary.

Appellant is aware of no case in which a waiver of the right to appeal was upheld as voluntary, intelligent and knowing without either oral admonishment by the court or execution by the defendant of a valid written waiver form. In addition to Panizzon, numerous cases – including Castrillon, supra, 227 Cal.App.3d 718, People v. Kelly (1994) 22 Cal.App.4th 533, People v. Rosso (1994) 30

7

Cal.App.4th 1001, <u>People</u> v. <u>Vargas</u> (1993) 13 Cal.App.4th 1653, as several examples – have explicitly held that either oral admonishment by the court or execution of valid written waiver form is necessary to demonstrate that the defendant's waiver met the standards of knowing and intelligent waiver.   This is because "the valid waiver of a right presupposes an actual knowledge of the very right being waived. It is the intelligent relinquishment of a known right after knowledge of the facts." (<u>People</u> v. <u>Rosso</u>, <u>supra</u>, 30 Cal.App.4th at p. 1006.)

The Court of Appeal rests its conclusion of proper waiver on the following May 21, 2004 colloquy between the court, counsel and appellant:

> THE COURT: I understand there is a negotiated resolution of the entire information in this matter, whereby Mr. David would agree to the Court sentencing him to ten years in state prison, which would be the aggravated term of five years for the robbery, plus one year for each of the prior prison term commitments on the five felony prior convictions that he admitted, for a total of ten. And he would waive his right to be sentenced on the robbery by [the original trial judge].
>
> DEFENSE COUNSEL: Yes.
>
> THE COURT: In terms of the understanding, I would sentence him to the ten years, and the murder charge and any other charges I haven't referred to will dismissed.
> Is that your understanding, [defense counsel]?
>
> DEFENSE COUNSEL: Yes.
>
> THE COURT: Mr. Davis, is that your understanding?
>
> DEFENDANT DAVIS: Yes.
>
> THE COURT: [Trial prosecutor], is that your understanding?
>
> THE TRIAL PROSECUTOR: Also waive all the appellate rights on the trial.
>
> THE COURT: That's my understanding as well. [Defense counsel]?
>
> DEFENSE COUNSEL: Yes.

THE COURT: Mr. Davis?

DEFENSE COUNSEL: He understood he waived it at this point.

THE COURT: Is that right?

DEFENDANT DAVIS: Yes. (CT 452-453)

The court also relies on the colloquy at the July 9, 2004 <u>Marsden</u> hearing to demonstrate that knew that the waiver of the right to appeal was part of the negotiated disposition. (Opn., p. 5.)

What neither the May 21, 2004 hearing nor the July 9, 2004 <u>Marsden</u> hearing show is that appellant knowingly and voluntarily waived his right to appeal. The record shows that appellant said "yes" when questioned by the court, but since any admonishment by the court (or validly executed written waiver form) is absent, it is error to conclude that appellant knew what he was waiving and voluntarily waived it. Even if appellant knew that the waiver was part of the negotiated disposition, as the Court suggests, that alone still does not establish that the waiver was knowing and intelligent.

It is precisely for these reasons that controlling authority requires that there be oral admonishment by the trial court or execution of a valid written waiver by the defendant. Without one of these means of ensuring that the defendant's waiver was voluntary, knowing and intelligent, the requisite assurance that it was is open to doubt.

For these reasons, review by this Court is necessary.

## CONCLUSION

For these reasons, appellant respectfully urges that this Court grant review
and the dismissal of appellant's appeal be vacated.

Dated: March 6, 2006

Respectfully submitted,

Hilda Scheib
Attorney for Appellant

## CERTIFICATE OF WORD COUNT

I, HILDA SCHEIB, declare, that I prepared this document using Times
New Roman 13-pt. and that this document contains 1,935 words.

Dated: March 6, 2006

Respectfully submitted,

Hilda Scheib
Attorney for Appellant

10

**COPY**

Filed 1/31/06

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

**FILED**

JAN 3 1 2006

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
                    DEPUTY

THE PEOPLE,

      Plaintiff and Respondent,

v.

BRYANT EUGENE DAVIS,

      Defendant and Appellant.

A107183

(Alameda County
Super. Ct. No. 143935A)

The sole issue before us is whether defendant Bryant Eugene Davis validly waived his right to appeal from his conviction of second degree robbery. We conclude that the record establishes a valid waiver, and accordingly, this appeal is dismissed.

### FACTUAL AND PROCEDURAL BACKGROUND

Davis was charged with murder committed in the course of a robbery, and second degree robbery. The information also alleged that he had eight prior felony convictions and he had served five prior prison terms within the meaning of Penal Code section 667.5, subdivision (b). After a trial, the jury convicted Davis of second degree robbery, but no verdict on the murder count was reached. The court declared a mistrial and directed a new trial on the murder count.

On May 21, 2004, before the scheduled retrial, the parties formalized on the record a negotiated agreement resolving the matter. Davis agreed to a sentence of 10 years on the robbery conviction, which included an aggravated term of five years plus

one year enhancements for each of five prior prison terms,[1] and a waiver of his right to be sentenced by the trial court that had adjudicated at the earlier trial. In exchange for dismissal of the murder charge, Davis waived his right to appeal his robbery conviction.[2]

Immediately before sentencing on July 9, 2004, Davis unsuccessfully moved for the appointment of new counsel under *People v. Marsden* (1970) 2 Cal.3d 118. During the hearing, Davis complained about his counsel's conduct before and during the trial, and that his counsel had not properly advised him of his appellate rights. According to Davis: "[M]y counsel told me to take ten years because I've got a whole lot of prior convictions. When I asked him if I took ten years would that affect my appeal action, he said no." Davis then claimed that he did not understand when the court had asked him if he gave up his right to appeal, but his counsel told him to just say, "yes," and it was not until Davis returned to his jail cell that he learned that he had given up his right to appeal. The court asked defense counsel to address Davis' contention that he was not informed about his right to appeal or waiving that right. Defense counsel replied, "The Judge asked him if he waived the right. It is my belief

---

[1] Davis had previously admitted to five prior prison terms.

[2] The colloquy read: "THE COURT: I understand there is a negotiated resolution of the entire Information in this matter, whereby Mr. Davis would agree to the Court sentencing him to ten years in state prison, which would be the aggravated term of five years for the robbery, plus one year for each of the prior prison commitments on the five felony prior convictions that he admitted, for a total of ten. And he would waive his right to be sentenced on the robbery by [the original trial judge]. [¶] [DEFENSE COUNSEL]: Yes. [¶] THE COURT: In terms of the understanding, I would sentence him to the ten years, and the murder charge and any other charges I haven't referred to will be dismissed. [¶] Is that your understanding, [defense counsel]? [¶] [DEFENSE COUNSEL]: Yes. [¶] THE COURT: Mr. Davis, is that your understanding? [¶] DEFENDANT DAVIS: Yes. [¶] THE COURT: [Trial prosecutor], is that your understanding? [¶] [TRIAL PROSECUTOR]: Also waive all of the appellate rights on the trial. [¶] THE COURT: That's my understanding as well. [Defense Counsel]? [¶] [DEFENSE COUNSEL]: Yes. [¶] THE COURT: Mr. Davis? [¶] [DEFENSE COUNSEL]: He understood he waived it at this point. [¶] THE COURT: Is that right? [¶] DEFENDANT DAVIS: Yes."

that Mr. Davis understood what he was waiving. I certainly did not tell him it made no difference. At that time he was complaining about my competence or lack of it. I said you can reach my competency by writ of habeas corpus in any instance." Defense counsel also explained that after the hung jury on the murder charge, the District Attorney "chose not to proceed with [the murder charge]. They did then inform [Davis] that he was waiving his right of appeal and he agreed. [¶] I certainly didn't mislead him as to what an appeal is, though I did suggest since the thing he was complaining about was my competency that that had to [be] reached by the writ of habeas corpus, as I understand the law."

At the sentencing proceeding, Davis moved to withdraw his waiver of his right to appeal. When the court asked if there were any grounds for the request, defense counsel explained that Davis claimed that counsel had misled him about the meaning of the waiver of his appellate rights, and that when Davis left the courtroom, he realized what he had done. In response to the court's question, defense counsel stated that he had not deliberately misled Davis "but, obviously, he's the only person who knows his state of mind. My recollection is that the [c]ourt discussed it." The court agreed with defense counsel, stating: "I specifically discussed the issue with Mr. Davis, so I'm not sure what the confusion would have been. [The trial prosecutor] raised it. You indicated that that was your understanding, [defense counsel]. And then I asked Mr. Davis whether that was his, and he said, 'yes.' " The court denied Davis' request to withdraw the waiver of his appellate rights and imposed the negotiated sentence. Davis filed a timely appeal.[3]

---

[3] After perfecting this appeal, Davis filed a petition for a writ of habeas corpus challenging his sentence and his waiver of his right to appeal, which we have disposed of by a separate order. Additionally, we have denied Davis' motion to consolidate the petition for a writ of habeas corpus, *In re Davis*, A112158, with this appeal, by separate order.

## DISCUSSION

"To be enforceable, a defendant's waiver of the right to appeal must be knowing, intelligent, and voluntary. [Citations.] . . . The voluntariness of a waiver is a question of law which appellate courts review de novo. [Citation.]." (*People v. Panizzon* (1996) 13 Cal.4th 68, 80.) We conclude that the record does not support Davis' argument that an oral advisement by the trial court and/or an executed written waiver is necessary to uphold his waiver of his right to appeal.

While a written waiver is some evidence that a waiver of a right to appeal is valid, we have found no case that "requires a writing, and we see no reason why such a requirement should be imposed." (*People v. Berkowitz* (1995) 34 Cal.App.4th 671, 678.) Additionally, while Davis argues that "[i]n most cases, for a waiver of appellate rights to be enforceable, a court must orally admonish the defendant regarding the right he is relinquishing," the issue of whether an oral admonishment is warranted depends upon the circumstances of the case. (*People v. Panizzon, supra,* 13 Cal.4th at p. 84.)

In support of his argument that a signed waiver form and/or an oral advisement by the trial court was required in this case, Davis primarily relies upon *People v. Rosso* (1994) 30 Cal.App.4th 1001. In that case, the reviewing court held that Rosso's waiver of his appellate right was invalid because although Rosso had agreed he had discussed his constitutional rights with his counsel, the only mention of appellate rights was by the trial court when it asked the defendant whether he waived his constitutional rights *and his right to appeal.* (*Id.* at p. 1006.)

Unlike *Rosso*, in this case, the waiver of the right to appeal was not added by the trial court, nor was it tangential to the parties' agreement. After the trial prosecutor explicitly referred to Davis' waiver of his appellate rights, the recitals dealt directly with the intended waiver. Davis' "affirmative response, which both referred to the import of the court's question and adopted [defense] counsel's statement, was a waiver by language" of the right to appeal. (*People v. Evanson* (1968) 265 Cal.App.2d 698, 701.) At that time, Davis did not object or otherwise ask for clarification. According

4

18

to Davis, had the trial court advised him and questioned him as to whether he understood the waiver, possible confusion between habeas corpus relief and appeal rights might have been cleared up. However, "where a defendant is represented by counsel it is to be expected that counsel will intentionally . . . advise waiver of . . . certain . . . rights from time to time in his choice of defense tactics. It is not necessary that whenever such a tactical waiver occurs the court interrupt the proceedings to advise defendant of the right which is to be waived and question him to ascertain whether the waiver is made with full appreciation of the consequences." (*Id.* at pp. 701-702.) The colloquy at the May 21, 2004 hearing between counsel, Davis, and the court did not raise any question as to Davis' lack of comprehension of his rights or the consequences of the negotiated agreement.

In sum, the validity of Davis' waiver of his right to appeal is not "open to speculation," as Davis argues. The record shows that Davis' waiver was knowing, intelligent and voluntary. Davis' acknowledgements at the May 21, 2004, hearing, as well as the colloquy during the July 9, 2004 *Marsden* hearing, indicate that he knew that the waiver of the right to appeal was part of the negotiated agreement relating to the prosecutor's decision not to retry him on the murder count. Davis does not argue that he did not understand that he was receiving a benefit in return for his waiver of his right to appeal. "Although a defendant may not know the specific nature of the appeal he is giving up in return for dismissal of pending charges, if he understands he is receiving a benefit in return, his decision to enter into the agreement reflects a highly rational judgment . . . ." (*People v. Vargas* (1993) 13 Cal.App.4th 1653, 1661.)[4] The benefits of the agreement were obvious: Davis gained immunity from criminal prosecution for murder in return for waiving his right to appeal the robbery conviction,

---

[4] We agree with Davis that the issue addressed by the *Marsden* court was whether he was entitled to new counsel, and not whether his waiver of his right to appeal was valid. Consequently, we place no weight on the *Marsden* court's remarks that given Davis' criminal history it was difficult to believe that he did not understand his appellate rights.

which appeal he might well have lost. Davis does not allege that he entered into the agreement as a result of duress, coercion or prosecutorial misconduct. He did not move nor does he now seek to set aside the negotiated agreement, but only his waiver of the right to appeal. "Under these circumstances [Davis] is bound by the whole agreement and is not free to repudiate its unfavorable terms. [Citations.]" (*People v. Charles* (1985) 171 Cal.App.3d 552, 562.)

## DISPOSITION

The appeal is dismissed.

_____
McGuiness, P.J.

We concur:

_____
Parrilli, J.

_____
Pollak, J.

# CERTIFICATE OF SERVICE

I, HILDA SCHEIB, am an attorney licensed to practice law in the State of California and not a party to the within action. My business address is P. O. Box 29098, San Francisco, CA 94129. On March 7, 2006, I caused to be served
PETITION FOR REVIEW
on:

Court of Appeal of the State of California
First Appellate District, Division Three
350 McAllister Street
San Francisco, CA 94102    [BY HAND DELIVERY]

Office of the Attorney General
455 Golden Gate Avenue
San Francisco, CA 94102

Bryant Eugene Davis

First District Appellate Project
730 Harrison Street
San Francisco, CA 94107

Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

Alameda County District Attorney
1225 Fallon Street
Oakland, CA 94612

by causing a true and correct copy to be placed in a sealed envelope, with first class postage thereon fully prepaid, and deposited in the United States mail at San Francisco, CA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 7th day of March, 2006, in San Francisco, CA.