# EXHIBIT G

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| In re BRYANT EUGENE DAVIS | ) No. |
| | ) |
| Petitioner, | ) Related Appeal Pending, |
| | ) A107183 |
| On Habeas Corpus | ) |
| | ) Alameda County |
| | ) Sup Ct. No. |
| | ) 143935A |
| | ) |

## PETITION FOR WRIT OF HABEAS CORPUS

Hilda Scheib, Esq
SBN 96081
P. O. Box 29098
San Francisco, CA 94129
415-750-9397

Attorney for Petitioner

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| In re BRYANT EUGENE DAVIS | ) No. |
| | ) |
| Petitioner, | ) Related Appeal Pending, |
| | ) A107183 |
| On Habeas Corpus. | ) |
| | ) Alameda County |
| | ) Sup.Ct. No. |
| | ) 143935A |
| | ) |

---

## PETITION FOR WRIT OF HABEAS CORPUS

Hilda Scheib, Esq.
SBN 96081
P. O. Box 29098
San Francisco, CA 94129
415-750-9397

Attorney for Petitioner

# TABLE OF CONTENTS

PAGE

PETITION                                                           1

VERIFICATION                                                       10

MEMORANDUM OF POINTS AND AUTHORITIES            11
IN SUPPORT OF PETITION FOR WRIT OF HABEAS
CORPUS

   I. PETITIONER WAS UNLAWFULLY SENTENCED      11
      TO FIVE ONE-YEAR PRIOR PRISON TERM
      ENHANCEMENTS PURSUANT TO SECTION 667.5,
      SUBDIVISION (B) WHEN HE ONLY SERVED FOUR
      SEPARATE PRISON TERMS WITHIN THE
      MEANING OF THE STATUTE.

     A. Factual Background                         11

     B. Legal Authority                            14

  II. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING    17
      TO ARGUE THE ERROR ON PETITIONER'S BEHALF
      OR FAILING TO ENSURE THAT THE COURT
      CONSIDERED THE MATTER.

  III. PETITIONER'S PURPORTED WAIVER OF HIS RIGHT    21
      TO APPEAL WAS NOT VOLUNTARY, KNOWING
      OR INTELLIGENT.

CONCLUSION                                                         27

DECLARATION OF HILDA SCHEIB                            28

EXHIBIT A

EXHIBIT B

EXHIBIT C

# TABLE OF AUTHORITIES

CASES                                                    PAGE

In re Jones                                              16
(1994) 27 Cal.App.4th 1032

People v. Burke                                          15
(1980) 102 Cal.App.3d 932

People v. Carr                                           15
(1988) 204 Cal.App.3d 774

People v. Castrillon                                     24
(1991) 227 Cal.App.3d 718

People v. Charles                                        6,21
(1985) 171 Cal.App.3d 552

People v. Cotton                                         19
(1991) 230 Cal.App.3d 1072

People v. Jones                                          15
(1998) 63 Cal.App.4th 744

People v. Kelly                                          24
(1994) 22 Cal.App.4th 533

People v. Marsden                                        6, 24
(1970) 2 Cal.3d 118

People v. Mendoza Tello                                  17
(1997) 15 Cal.4th 264

People v. Panizzon                                       21,23
(1996) 13 Cal.4th 68

People v. Pope                                           17
(1979) 23 Cal.3d 412

# TABLE OF AUTHORITIES

CASES                                               PAGE

People v. Riel                                      16
(2000) 22 Cal.4th 1153

People v. Rosso                                     22
(1994) 30 Cal.App.4th 1001

People v. Ruiz                                      3,15
(1996) 44 Cal.App.4th 1653

People v. Serrano                                   26
(1973) 33 Cal.App.3d 331

People v. Vargas                                    23
(1993) 13 Cal.App.4th 1653

Strickland v. Washington                            4,17
(1984) 466 U.S. 668

Wiggins v. Smith                                    19
(2003) 559 U.S. 510

STATUTES

Evidence Code section 452                                    2,9

Health and Safety Code section 11351                3,14,15

                              11352                 12,25

                              11358                 11

Penal Code section 187                              11

              211/212.5                             2,11

              667.5(b)                              2,3,4,5,9,11,12,13
                                                    14,15,17,18,20

## TABLE OF AUTHORITIES

STATUTES                                              PAGE

Penal Code section     12021(a)                       3,12,13,15

Vehicle Code section 2800.2                           12,25

                       10851(a)                       12

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| In re BRYANT EUGENE DAVIS, | No. _____ |
| Petitioner, | Related Appeal Pending, A107183 |
| On Habeas Corpus. | |
| | Alameda County Sup.Ct. No. 143935A |
| _____/ | |

TO THE HONORABLE WILLIAM R. McGUINESS, PRESIDING JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE COURT OF APPEAL, FIRST APPELLATE DISTRICT, DIVISION THREE:

Petitioner, BRYANT EUGENE DAVIS, by and through his undersigned attorney, petitions this Court for a writ of habeas corpus and by this verified petition alleges as follows:

### I.

Bryant Eugene Davis, on whose behalf this petition is requested, is illegally confined and restrained of his liberty at Folsom State Prison by Jeanne S. Woodford, Director of the California Department of Corrections, and by Mark Shepherd, warden of Folsom State Prison.

1

II.

Petitioner is confined as a result of a negotiated resolution, reached on May 21, 2004 in Alameda County Superior Court, 1225 Fallon Street, Oakland, CA 94612, case number C143935A, following a conviction for robbery (Pen. Code[1] sec. 211/212.5) and true findings on five prior prison term enhancements. (Pen. Code sec. 667.5, subd.(b).) (CT 452-453)

III.

On July 9, 2004, petitioner was sentenced to the aggravated term of five years for the robbery and to five one-year prior prison term enhancements pursuant to Penal Code section 667.5, subdivision (b). (CT 459-461; RT [7/0/04] pp. 2-3.)

IV.

Petitioner's direct appeal in case number A107183 is pending before this Court. Petitioner respectfully requests that pursuant to Evidence Code section 452, subdivision (d), this Court take judicial notice of the clerk's transcript, reporters' transcripts and all briefs and papers filed in Court of Appeal case number A107183. Petitioner also requests that this Court consolidate his petition for writ of habeas corpus with his direct appeal.

---

[1]

All statutory references are to the California Penal Code unless otherwise indicated.

2

## V.

Petitioner asserts three grounds on which he bases his claim for relief, the

first being:

> PETITIONER WAS UNLAWFULLY SENTENCED TO
> FIVE ONE-YEAR PRIOR PRISON TERM ENHANCEMENTS
> PURSUANT TO PENAL CODE SECTION 667.5(B), WHEN
> HE ONLY SERVED FOUR SEPARATE PRISON TERMS
> WITHIN THE MEANING OF THE STATUTE.

Section 667.5, subdivision (b) provides for the imposition of a one-year

enhancement for each separate prior prison term served by a defendant for any

felony. The enhancement is not applicable, however, to instances when the

defendant does not serve a *separate* prison term for an offense. (Sec. 667.5,

subd.(g).) Hence, only one one-year enhancement may be imposed on a defendant

who has served one period of prison confinement, or block of time, for multiple

offenses or convictions. (People v. Ruiz (1996) 44 Cal.App.4th 1653, 1669.)

In this case, petitioner was convicted, inter alia, of two offenses: on

April 5, 1995, he was convicted of violating Penal Code section 12021,

subdivision (a), in case number 123375, and was sentenced to a two-year term.

The state prison term was imposed concurrent with the two-year term for violating

Health and Safety Code section 11351 in case number 122032(B), imposed on

April 7, 1995. The terms were served concurrently. (CT 466; Decl. of Hilda

Scheib, Esq., Exh. A, pp. 522, 525-526, 533)

3

Accordingly, petitioner's current conviction should have been enhanced only once for the two offenses. Instead, the court erroneously imposed two separate section 667.5, subdivision (b) enhancements, one for the April 5, 1995 conviction and one for the April 7, 1995 conviction. One section 667.5, subdivision (b) enhancement should now be stricken.

## VI.

As a second ground for relief, petitioner asserts:

PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE
OF COUNSEL BY TRIAL COUNSEL'S (1) FAILURE TO
ADVISE PETITIONER NOT TO ADMIT THAT THE
PRIOR PRISON TERM WHICH HE HAD SERVED
CONCURRENTLY WITH ANOTHER TERM CAME WITHIN
THE PURVIEW OF SECTION 667.5, SUBDIVISION (B),
(2) FAILURE TO ARGUE ON PETITIONER'S BEHALF THAT HE
SHOULD HAVE HAD FOUR, NOT FIVE, PRIOR PRISON
TERM ENHANCEMENTS IMPOSED, AND
(3) FAILURE TO REMIND THE COURT TO CONSIDER THE ISSUE.

Petitioner admitted that he had served five prior prison term enhancements within the meaning section 667.5, subdivision (b), while in reality, he had served only four, since the prison terms on two felony offenses were imposed and served concurrently. Had defense counsel functioned as the reasonably competent advocate to which petitioner was entitled under the Sixth Amendment (Strickland v. Washington (1984) 466 U.S. 668, 684, defense counsel would have reviewed petitioner's prior prison record and would have realized that petitioner in actuality

4

had served only four, not five, prior prison terms for purposes of enhancement under the statute.

Several days after admitting the prior prison terms for enhancement purposes, petitioner presumably realized the error and told defense counsel about it. Defense counsel informed the court that petitioner wished to withdraw his admission as to one offense and/or discuss the matter with the court. (RT [2/9/04] pp. 1-2, 7.) The court deferred consideration of the matter but indicated its intent to return to it. (Id.) Nonetheless, defense counsel never argued the matter on petitioner's behalf and never reminded the court that petitioner wished to withdraw or discuss his admission. The court never considered the matter.

Had defense counsel functioned as a reasonably competent advocate under these circumstances, he would have argued the matter on petitioner's behalf, since it is clearly meritorious and accrues to petitioner's benefit, in that it means a sentence reduction of one year. At the very least, defense counsel would have ensured that the matter was heard by reminding the court of its intention to consider petitioner's concerns. Defense counsel, however, did neither, and consequently, petitioner was never given the opportunity to apprise the court of the error in imposing five, and not four, enhancements under section 667.5, subdivision (b).

Since defense counsel could have had no reasonable tactical reason for omitting a simple argument which would have resulted in a 10% reduction in petitioner's state prison term, defense counsel was ineffective. The one-year term imposed for the concurrent sentence must now be stricken.

VII.

As a third ground for relief, petitioner alleges:

PETITIONER'S PURPORTED WAIVER OF HIS RIGHT TO APPEAL<br>WAS NOT VOLUNTARY, KNOWING OR INTELLIGENT.

A defendant may waive his right to appeal, so long as it is knowing, voluntary and intelligent. (People v. Charles (1985) 171 Cal.App.3d 552, 558.) The purported waiver in this case, however, did not meet these requiements. The trial court never gave petitioner admonishments regarding his right to appeal. While courts have recognized a limited exception to the requirement of express waiver in instances where, at a minimum, a defendant executes a valid written waiver, petitioner in this case executed no such waiver.

Nor did matters discussed during petitioner's Marsden (People v. Marsden (1970) 2 Cal.3d 118) motion prove otherwise, as respondent argues in its brief. Among the grounds petitioner raised was defense counsel's failure to adequately explain to him that he was waiving his right to appeal. (RT [7/9/04] pp. 5, 8-9.) The trial court denied petitioner's contention because it believed that

6

petitioner, who had suffered a number of prior convictions, necessarily must have understood what his appellate rights were. The court stated, "Given the frequency with which you pass through these courtrooms, I find it rather difficult to believe, sir, that you didn't understand what your appellate rights were." (RT [7/9/04 p. 12.) In so concluding, the court either was unaware or ignored that petitioner's five prior convictions for which prison terms were imposed all resulted from pleas. (Exh. A, pp. 525-526, Exh. B, pp. 524, 527-528.) Consequently, because petitioner may well have not been advised as to his appellate rights, such a conclusion was unsupported by the evidence.

VIII.

This petition presents evidence outside the record on appeal, consisting of the Declaration of Hilda Scheib, Esq., and Exhibit A thereto, which contains abstracts of judgment in case numbers 123375 and 122032(B), a prison fingerprint card for those cases and the relevant portion of petitioner's prison history. These items were not included in the record on appeal or in record of the Alameda County Superior Court.

In addition, this petition presents, as Exhibit B, abstracts of judgment from petitioner's three other convictions which resulted in state prison terms and which petitioner admitted on February 3, 2004. These abstracts of judgment are presented here to provide additional evidence relating to petitioner's claim on

7

direct appeal, i.e., that his purported waiver of his right to appeal was neither knowing or intelligent.  These abstracts of judgment are presented with this petition because they are not included in the record on appeal.

IX.

The allegations of this petition are supported by references to the record in the pending appeal, A107183, and by the accompanying Declaration of Hilda Scheib, Esq. and Exhibits A and B, which are incorporated herein by reference. The foregoing allegations are amplified in the accompanying Memorandum of Points and Authorities, which is incorporated by reference. Petitioner also incorporates by reference Appellant's Opening Brief and Appellant's Reply Brief in the pending appeal.

X.

During pretrial and trial proceedings, appellant was represented first by Marvin E. Levy, previously at 201 University Avenue, Berkeley, CA 94710, now deceased, and later by Spencer Strellis, Esq., 1611 Telegraph Avenue, #1100, Oakland, CA 94612.   On appeal and in this proceeding, petitioner is represented by Hilda Scheib, Esq., P. O. Box 29098, San Francisco, CA 94129, in association with the First District Appellate Project.

8

XI.

As petitioner's related appeal is presently pending before this Court, this petition is presented to this Court under its original habeas corpus jurisdiction. Judicial economy would be served if this Court consolidated the petition with petitioner's direct appeal.

WHEREFORE, petitioner respectfully requests that this Court:

1. Pursuant to Evidence Code section 452, subdivision (d), take judicial notice of the clerk's transcript, reporters' transcript and all briefs and papers filed in case number A107183;

2. Order respondent to show cause why petitioner is not entitled to relief;

3. Consolidate this writ with petitioner's direct appeal presently pending before this Court in A107183;

4. Issue a writ of habeas corpus and reverse imposition of one prior prison term enhancement under section 667.5, subdivision (b); and

5. Grant petitioner such other further relief as may be appropriate and just.

Dated: November 14, 2005

Respectfully submitted,

Hilda Scheib
Attorney for Petitioner

9

## VERIFICATION

I, HILDA SCHEIB, state as follows:

I am an attorney duly licensed to practice law in all Courts of the State of California and the court-appointed attorney for Bryant Eugene Davis in action number A107183, on appeal from Alameda County criminal case number C143935A. I have reviewed the transcripts of petitioner's pretrial and trial proceedings and consulted with petitioner and his trial counsel. I am familiar with the allegations and supporting legal arguments contained herein. In those capacities and because petitioner is out of the county and not readily available, I make this declaration in his place.

I have read the foregoing Petition for Writ of Habeas Corpus, and I declare under penalty of perjury under the laws of the State of California that its contents are true of my own personal knowledge or based on matters set forth in the declaration attached hereto and the records and proceedings in the Court of Appeal, no. A107183, and I believe them to be true.

Dated: November 14, 2005

Respectfully submitted,

Hilda Scheib
Attorney for Petitioner

10

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

I.

### PETITIONER WAS UNLAWFULLY SENTENCED TO FIVE ONE-YEAR PRIOR PRISON TERM ENHANCEMENTS PURSUANT TO SECTION 667.5, SUBDIVISION (B) WHEN HE ONLY SERVED FOUR SEPARATE PRISON TERMS WITHIN THE MEANING OF THE STATUTE.

**A. Factual Background**

On January 5, 2004, the Alameda County district attorney charged petitioner with one count of felony murder (sec. 187, subd.(a)) and one count of second degree robbery (sec. 211). Eight prior prison convictions were alleged. Following trial, the jury found petitioner guilty of second degree robbery, but was unable to reach a verdict on the murder count. The court declared a mistrial. (CT 450, 452; RT [2/3/04] pp. 2-15.) On July 9, 2004, petitioner was sentenced to state prison for a term of five years for the robbery conviction; five one-year prior prison term enhancements were imposed pursuant to section 667.5, subdivision (b), for a total sentence of ten years. (CT 459-461; RT [7/9/04] pp. 2-3.)

The five prior prison term enhancements were based on petitioner's admissions on February 3, 2004, before the jury returned its verdict. Petitioner admitted the following prior convictions:

(1) December 1, 2000, Alameda County superior court, felony possession of a

11

controlled substance (Heal. & Safety Code sec. 11358, subd.(a)), probation

granted;

(2) December 29, 1997, Alameda County superior court, felony possession of

a controlled substance (Heal. & Safety Code sec. 11350, subd.(a)), prison sentence

within the purview of section 667.5, subdivision (b);

(3) April 7, 1995, Alameda County superior court, felony sale/transportation/offer

of a controlled substance (Heal. & Safety Code sec. 11352, subd.(a)), prison

sentence, within the purview of section 667.5, subdivision (b);

(4) August 6, 1992, Alameda County superior court, felony evasion of an officer

(Veh. Code sec. 2800.2, subd.(a)), prison term, within purview of section 667.5,

subdivision (b);

(5) October 26, 1998, Alameda County superior court, felony

sale/transportation/offer to sell a controlled substance (Heal. & Safety Code

sec. 11352, subd.(a)), prison sentence, within purview of section 667.5,

subdivision (b);

(6) March 27, 1987, Alameda County superior court, felony unlawful driving or

taking of a vehicle (Veh. Code sec. 10851, subd.(a)), probation;

(7) January 3, 1985, Alameda County superior court, felony unlawful driving or

taking of a vehicle (Veh. Code sec. 10851, subd.(a)), probation; and

(8) March 8, 1985, Alameda County superior court, felony possession of a firearm

12

(sec. 12021, subd.(a)), prison sentence, within purview of section 667.5, subdivision (b). (RT [2/3/04] pp. 8-16.)

Several days later, petitioner apparently recognized that the date of the eighth prior conviction allegation was wrong and that he had erroneously admitted a prior prison term which he had not separately served. Subsequently, during the course of a <u>Marsden</u> hearing conducted on February 9, 2004, the court, apparently alluding to an off-the-record discussion, stated:

> ...[Defense counsel] did indicate to me that Mr. Davis wished to either withdraw his admission to one of the eight prior convictions that he committed *(sic)* on an earlier occasion or address the court with respect to that. And I did indicate to [defense counsel] as he has stated here that this is something that I felt that I could take up at a later juncture. (RT [2//9/04] pp. 1-2.)

Later, in the course of the <u>Marsden</u> hearing, the court once again mentioned petitioner's desire to address the validity of one of his admissions ["I understand Mr. Davis may have a concern about the validity of one of those [admissions], and we'll deal with that later."] (RT [2/9/04] p. 7.)  The issue, however, was never dealt with in the course of this or any later hearing.

The criminal history section of the probation report in this case, filed on July 9, 2004, establishes that there was an error in the eighth prior conviction allegation. As the probation report demonstrates, petitioner's conviction underlying the eighth prior conviction allegation, i.e., possession of a firearm, occurred on March 8, **1995**, not **1985**, as was alleged at the proceeding. (CT 466)

13

The abstract of judgment in case number 123375 substantiates the date set forth in the probation report. It shows that appellant was sentenced to a two-year term for violating section 12021, subdivision (a), possession of a firearm, on April 5, 1995, not 1985 as the eighth prior conviction allegation indicated. The abstract also indicates that the term was imposed concurrent with any prior uncompleted sentence. (Decl. of Hilda Scheib, Esq., Exh. A, p. 525[2].) On April 7, 1995, appellant was sentenced in case number 122032B to a state prison term of two years for violating Health and Safety Code section 11351. (Decl. of Hilda Scheib, Esq., Exh. A, p. 526.) The prison fingerprint card for these two offenses demonstrates that the term imposed for both was a two-year concurrent one. (Decl. of Hilda Scheib, Esq., Exh. A., p. 533.) Similarly, the California Department of Corrections chronological history form indicates that appellant was received in prison of both cases on May 9, 1995 and was paroled on both on April 11, 1996. (Decl. of Hilda Scheib, Esq., Exh. A., p. 522.) Hence, the terms served in cases 123375 and 122032B constituted only a single prison term.

## B. Legal Authority

Penal Code section 667.5, subdivision (b) provides:

...[W]here the new offense is any felony for which a prison sentence is imposed, in additional and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior *separate* prison

---

[2]

Page references are to those of the original document, shown in the lower right.

14

> term served for any felony, provided that no additional term shall be
> imposed under this subdivision for any prison term served prior to
> a period of five years in which the defendant remained free from
> both prison custody and the commission of an offense which results
> in a felony conviction. (Sec. 667.5, subd.(b); italics added.)

The limitation on this enhancement is reiterated in subdivision (e) of the statute, which provides that "a prior prison term enhancement may not be imposed for a felony for which the defendant did not serve a prior *separate term* in state prison." Sec. 667.5, subd.(e); italics added.) Subdivision (g) of the statute defines a prior prison term as "a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes..." (Sec. 667.5, subd.(g).) As the Court in <u>People</u> v. <u>Carr</u> (1988) 204 Cal.App.3d 774, 779 recognized, subdivision (g) provides that a defendant serves a single term in state prison, notwithstanding that the term consists of several separate sentences attributable to different convictions. "There is nothing in the definition to suggest that in order to constitute 'continuous completed period of incarceration,' 'concurrent or consecutive sentences for other crimes' must be imposed at the same time. 'Continuous' obviously refers to the continuity of the imprisonment which is unaffected by the temporal coincidence of the sentencing.'" (<u>People</u> v. <u>Burke</u> (1980) 102 Cal.App.3d 932, 942.)

Courts have consistently recognized that the statutory language means that only one enhancement is proper where concurrent sentences have been imposed in

15

one or more prior felony cases. (<u>People</u> v. <u>Jones</u> (1998) 63 Cal.App.4th 744, 747.)

In <u>People</u> v. <u>Ruiz</u> (1996) 44 Cal.App.4th 1653, 1669, for example, the Court held

that "[t]he plain meaning of section 667.5, subdivision (g) is to prevent multiple

one-year enhancements under section 667.5 itself where the offender has served

one period of prison confinement, or block of time, for multiple offenses or

convictions." <u>In re Jones</u> (1994) 27 Cal.App.4th 1032, 1038, affirmed that only

one section 667.5, subdivision (b) enhancement may be imposed for a prior

concurrent sentence for two burglary offenses. Similarly, the Court in <u>People</u> v.

<u>Gonzales</u> (1993) 20 Cal.App.4th 1607, 1610, held that a defendant's sentence may

include only one prior prison term enhancement when sentences on two offenses

are ordered to run concurrently. And, in <u>People</u> v. <u>Riel</u> (2000) 22 Cal.4th 1153,

1203, in which the jury found that the defendant had suffered two prior felony

convictions for which he served prison terms, the California Supreme Court struck

the second of two section 667.5, subdivision (b) enhancements which had been

imposed as "redundant," since the defendant had served only a single state prison

term for the two convictions.

In this case too, one of the prior prison term enhancements must be stricken

as "redundant." Petitioner was sentenced on April 5, 1995 to two years in prison

on docket number 123375 for violating section 12021, subdivision (a); on

April 7, 1995, he was sentenced to a concurrent two-year term for violating Health

16

and Safety Code section 11351, in docket number 122032(B). (CT 466; Decl. of Hilda Scheib, Esq., Exh. A, pp. 522, 525-526, 533.) Because petitioner served only a single prison term – and not separate terms – for both offenses, his sentence in the present offense could be enhanced only once.  Accordingly, one of the one-year enhancements imposed pursuant to section 667.5, subdivision (b) must now be stricken.

## II.

### TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE THE ERROR ON PETITIONER'S BEHALF OR FAILING TO ENSURE THAT THE COURT CONSIDERED THE MATTER.

It is axiomatic that the Sixth Amendment guarantees every defendant the effective assistance of counsel at every stage of the proceedings.  In order to prove ineffective assistance, a defendant must demonstrate that (1) trial counsel failed to act in the manner to be expected of a reasonably competent advocate, and (2) it is reasonably probable that a more favorable determination would have resulted in the absence of counsel's failings. (Strickland v. Washington (1984) 466 U.S. 668, 684.)

As the California Supreme Court has made clear for over two decades, habeas corpus is the preferred procedure for presentation and adjudication of claims of ineffective assistance of counsel. (People v. Mendoza Tello (1997)

17

15 Cal.4th 264, 267; <u>People</u> v. <u>Pope</u> (1979) 23 Cal.3d 412, 426.) This is

particularly true when, as here, the ineffective assistance of counsel claim rests

partly upon matters outside the record on appeal. Here, information regarding

petitioner's prior convictions, which underlie petitioner's claim that he received

ineffective assistance, were not included in the record on appeal.

In this case, defense counsel rendered ineffective assistance in three

separate ways. First, he failed to advise petitioner not to admit both of the section

667.5, subdivision (b) allegations in case numbers 123375 and 122032B, even

though petitioner had served only a single term for both offenses and therefore his

current term could lawfully be enhancd only once under the statute. Clearly, it is

the duty of defense counsel to accurately review the prior convictions before his

client admits them. Here, the following colloquy occurred between defense

counsel and the court:

THE COURT: Are the admissions of the prior convictions with your

consent?

DEFENSE COUNSEL: Yes.

THE COURT: Now, let me ask for a stipulation. Based on your review of
the documents that the district attorney has provided by way of the
discovery process –

DEFENSE COUNSEL: I've also looked at the court records, since most of
these are Alameda County priors.

THE COURT: I appreciate that. Based on a review of the court records as

18

well as the discovery materials the district attorney as (sic) provided, do
you stipulate that there is a factual basis to support these admissions and to
support the court finding that the allegations of the prior convictions are
true?

DEFENSE COUNSEL: Yes. (RT [2/3/04] p. 7)

Though defense counsel informed the court that he had reviewed the prior

conviction documents, he failed to recognize that there was an error in the date of

one and that petitioner had served only one term for the two 1995 convictions. It is

trial counsel's duty to adequately investigate defense matters. (Wiggins v. Smith

(2003) 559 U.S. 510.)  Failure to do so constitutes ineffective assistance, as a

reasonably competent attorney prepares adequately for sentencing matters. (People

v. Cotton (1991) 230 Cal.App.3d 1072, 1080.)  In this case, a reasonably

competent attorney would not have allowed his client to admit an offense which

was alleged to have occurred in 1985, but which, in reality occurred in 1995.  Nor

would he have allowed his client to admit that he had served two separate prison

terms, when in reality he had served a single, concurrent term.

Secondly, after petitioner apprised defense counsel of his desire to

withdraw his admission as to one prior prison term allegation (RT 2/9/04, pp. 1-2)

, defense counsel nonetheless failed to argue the matter on his behalf to the court,

despite its clearly meritorious nature.  A review of the relevant abstracts of

judgment and petitioner's 969b packet would have revealed that petitioner was

correct in his contention that he had served four, not five, *separate* prison terms.

19

Still, even after being alerted to the error by petitioner, defense counsel failed to argue it on his behalf. Finally, at the very least, defense counsel had a duty as a reasonably competent advocate to remind the court to consider petitioner's request to withdraw his admission or to discuss the matter with the court. This defense counsel failed to do. As a result, petitioner's attempt to withdraw his admission was lost in the shuffle and never considered by the court.

Nor could there have been any tactical reason for defense counsel to not argue that petitioner in actuality served only four prior prison terms, within the meaning of section 667.5, subdivision (b), not the five on which one-year enhancements were imposed. No advantage was gained by not arguing the issue on petitioner's behalf; no disadvantage would have accrued from defense counsel raising this meritorious issue and, in the process, reducing his client's state prison term by one year, or 10%. In short, there is no possible justification or tactical reason for defense counsel to have omitted these efforts on petitioner's behalf.

In summary, trial counsel was ineffective for (1) failing to advise petitioner not to admit that he had served five prior prison terms within the meaning of section 667.5, subdivision (b), as he had served only four within the meaning of the statute; (2) failing to argue on petitioner's behalf that one enhancement was erroneously admitted; and (3) failing to ensure that the court heard and considered petitioner's motion to withdraw his admission or discuss the matter with the court.

Defense counsel's failure to properly advise petitioner or argue the erroneous imposition of five prior prison term enhancements was prejudicial since, in the absence of these omissions, a more favorable outcome would have resulted, i.e., petitioner would have been sentenced to an aggregate term of nine, not ten, years.

### III.

## PETITIONER'S PURPORTED WAIVER OF HIS RIGHT TO APPEAL WAS NOT VOLUNTARY, KNOWING OR INTELLIGENT.

A defendant may validly waive his or her right to appeal, so long as the waiver if knowing, voluntary and intelligent. (People v. Charles (1985) 171 Cal.App.3d 552, 558; People v. Panizzon (1996) 13 Cal.4th 68, 80.)  The purported waiver in this case did not, however, meet these requirements. The trial court never gave express admonishments to petitioner regarding his right to appeal. Nor did petitioner execute any written waiver of his appellate rights. Petitioner's purported waiver, made after only a cursory mention by the court of his relinquishment of his appeal rights, was therefore invalid.

On May 21, 2004, the following colloquy occurred:

THE COURT: I understand there is a negotiated resolution of the entire information in this matter, whereby Mr. Davis would agree to the court sentencing him to ten years in state prison, which would be the aggravated term of five years for the robbery, plus one year for each of the prior prison commitments on the five felony prior convictions that he admitted, for a total of ten. And he would waive his right to be sentenced on the

21

robbery by Judge Horner.

DEFENSE COUNSEL: Yes.

THE COURT: In terms of the understanding, I would sentence him to the ten years, and the murder charge and any other charges I haven't referred to would be dismissed. Is that your understanding, [defense counsel]?

DEFENSE COUNSEL: Yes.

THE COURT: Mr. Davis, is that your understanding?

DEFENDANT DAVIS: Yes.

DISTRICT ATTORNEY: Also waive all of the appellate rights on the trial.

THE COURT: That's my understanding as well. [Defense counsel]?

DEFENSE COUNSEL: Yes.

THE COURT: Mr. Davis?

DEFENSE COUNSEL: He understood he waived it at this point.

THE COURT: Is that right?

DEFENDANT DAVIS: Yes. (CT 452-453)

A waiver is enforceable when preceded by the intentional relinquishment or abandonment of a known right or privilege. (People v. Rosso (1994) 30 Cal.App.4th 1001, 1006.) "The valid waiver of a right presupposes an actual knowledge of the very right being waived. It is the intelligent relinquishment of a known right after knowledge of the facts." (Id.)

22

The burden is on the party claiming the existence of the waiver to prove it by evidence that does not leave the matter to speculation, and doubtful cases will be resolved against a waiver. The right of appeal should not be considered waived or abandoned except where the record clearly establishes it." (<u>People</u> v. <u>Vargas</u> (1993) 13 Cal.App.4th 1653, 1657.) The voluntariness of a waiver is a question of law which appellate courts review de novo. (<u>People</u> v. <u>Panizzon</u>, <u>supra</u>, 13 Cal.4th 68, 80.)

In this case, the above-referenced discussion between the court, defense counsel, the district attorney and petitioner – the sole instance when the issue of appellate rights was mentioned – contained no personal admonishment to petitioner regarding his rights to appeal the conviction of second degree robbery. In most cases, for a waiver of appellate rights to be enforceable, a court must orally admonish the defendant regarding the right he is relinquishing. (<u>Id.</u>, at pp. 83-84.)

A court may, however, rely on a defendant's validly executed waiver form as a proper substitute for personal admonishment. (<u>Id.</u>) In some instances, courts have found a waiver enforceable based on a waiver form, often accompanied by other indicia of admonishment. <u>Panizzon</u> is illustrative of this exception. There, though the trial court failed to orally admonish the defendant as to the rights he waived, the defendant read and signed an 11-page document prior to his plea. The

23

defendant initialed paragraphs stating that he gave up his right to appeal his

sentence and the denial of motions, that the plea was made without threats or

promises and that he was not under the influence of drugs or alcohol. He initialed a

box stating that he had personally initialed each paragraph, that he had discussed

them with his attorney and that he understood and gave up each of his designated

rights to enter his plea. (13 Cal.4th at pp. 81-82.) His attorney also signed a

statement that he had explained each point to the defendant, that he concurred in

his decision and that he stipulated to the use of the document as evidence of

intelligent waiver on the defendant's part. The district attorney and the trial judge

also signed the waiver form. At the change of plea hearing, the defendant stated

that he had executed the written waiver form and confirmed that he had read and

understood it. (Id.) (See, also People v. Castrillon (1991) 227 Cal.App.3d 718, 722,

People v. Kelly (1994) 22 Cal.App.4th 533, 535.)

 In this case, however, there was neither oral admonishment nor a written

waiver form evidencing knowing and intelligent waiver of appellate rights.

 Advise by counsel does not, as respondent urges, substitute for advisement

by counsel or proper execution of a written waiver. Nor do the facts of the

Marsden (People v. Marsden (1970) 2 Cal.3d 118) hearing, held before a different

judge in this case on July 9, 2004, establish, as respondent would have it, that

petitioner was fully aware of his right to appeal and knowingly and intelligently

24

waived it.

Among the grounds raised by petitioner at the <u>Marsden</u> hearing was the contention that trial counsel failed to properly explain to him the waiver of appeal rights. The court denied petitioner's claim because the court believed that petitioner, who had suffered a number of prior convictions, necessarily must have understood what his appellate rights were. (RT [7/09/04] p. 12 ["Given the frequency with which you pass through these courtrooms, I find it rather difficult to believe, sir, that you didn't understand what your appellate rights were."]) When making this statement, the court either had no information before it or ignored the nature or disposition of those prior convictions, i.e., whether they resulted from plea or trial, and whether appellate rights were explained to petitioner or exercised by him.

The abstracts of judgment from the five prior convictions that resulted in state prison sentences reveal that each of petitioner's convictions resulted from a plea. The August 23, 1990 state prison sentence for sale of cocaine (Health & Safety Code sec. 11352) resulted from a plea. So too did the November 16, 1993 sentence for eluding a police officer (Veh. Code sec. 2800.2) (Exh. B., p. 527), as well as the December 29, 1997 sentence for violating Health & Safety Code section 11350. (Exh. B., p. 524.) Finally, the two 1995 convictions for which petitioner served a single state prison term (Exh. A, pp. 525-526) also were

25

imposed following petitioner's pleas.  Hence, none of petitioner's prior felony

convictions resulted from a verdict reached by a jury.

A trial court need not advise a defendant of his or her right to appeal when

the conviction results from a plea.  (People v. Serrano (1973) 33 Cal.App.3d 331,

337.)  As rule 4.470, California Rules of Court, provides, a trial court must advise

a defendant of the right to appeal and to the appointment of counsel if indigent

only after trial or after imposing sentence following revocation of probation,

except where revocation is based o n the defendant's admission.  The rules provide

no parallel duty in instances where the defendant admits guilt.  Consequently, there

was no basis upon which to surmise that petitioner's prior convictions, all of which

resulted from pleas, were accompanied by advisement as to his right to appeal.

In short, the trial court's conclusion in the context of the Marsden hearing,

i.e., that petitioner was undoubtedly aware of his appellate rights  based on his

having suffered numerous past prior convictions, was unsupported by the record of

petitioner's past convictions, all of which resulted from pleas.  Consequently, there

was no basis for assuming that petitioner was ever apprised of appellate rights in

the context of past felony convictions.  Hence, even if a trial court's conclusion in

a Marsden hearing somehow relieves or reduces a trial court's duty to ensure that a

defendant is properly advised of his appeal rights in a current case, the trial court's

conclusion in this case is unsupported by the evidence and therefore fails to

26

establish that petitioner had prior knowledge of his appeal rights.

## CONCLUSION

For these reasons, petitioner respectfully urges that one one-year prior prison term enhancement be stricken and that this Court conclude that his appeal rights were not waived. Even if the petition is not itself dispositive, this Court should issue an order to show cause (OSC), returnable either before itself or before the superior court.

Dated: November 29, 2005

Respectfully submitted,

Hilda Scheib
Attorney for Petitioner

## DECLARATION OF HILDA SCHEIB, ESQ.
## IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

I, HILDA SCHEIB, declare:

1. I am an attorney licensed to practice law in the State of California and the attorney appointed to represent petitioner in this action.

2. On September 30, 2004, this Court issued an order limiting the record on appeal in this case to include only reporters' and clerk's transcripts of all proceedings from the date of the appeal waiver forward, and limiting the issues on appeal solely to the question of whether the waiver was knowing, voluntary and intelligent and whether cognizable sentencing error occurred. The court also allowed the parties to request augmentation of the record is necessary. (CT 472)

3. In order to determine if the record should be expanded to include other items, I twice thoroughly reviewed the file in the Alameda County superior court. The exhibits herein were not part of the superior court's record in this case.

4. I made several efforts to contact the district attorney to secure the exhibits herein, including petitioner's chronological prison history, fingerprint cards and abstracts of judgment. My calls were never returned.

5. I also made efforts to secure the documents from the Department of Corrections. I was told that only petitioner could secure those documents and that it could be accomplished only in person. Since petitioner is currently incarcerated,

28

I was unable to secure the documents in this manner.

6. During a recent review of defense counsel's entire file, I found the exhibits which are included with this petition. I have spoken to defense counsel about these exhibits, but he has no recollection of ever seeing them and has no knowledge as to how they arrived in the file. He indicated that he had been the second attorney on the case and that the file possibly included documents from the earlier attorney, now deceased.

7. Because I have been unable, despite concerted efforts, to secure these documents from any other source, I have included those drawn from defense counsel's file. Attached hereto as Exhibit C is the certification statement that accompanied them and is numbered page 517.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 30th day of November, 2005, in San Francisco, CA.

HILDA SCHEIB

29

**JUDGMENT — PRISON**

## SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

☒☒ SUPERIOR
☐ MUNICIPAL
☐ JUSTICE

**COURT OF CALIFORNIA, COUNTY OF** ALAMEDA

COURT (I.D.) **Q 1**

**BRANCH OR JUDICIAL DISTRICT:** _____

**ENDORSED FILED**
**ALAMEDA COUNTY**

**APR 12 1995**

**RONALD G. OVERHOLT, Exec. Off./Clerk**
**By Marsha Smith**

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: BRYANT EUGENE DAVIS
AKA: ANM 348     4181716

☒☒ PRESENT
☐ NOT PRESENT

123375

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT ☐

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 4/5/95 | 7 | LARRY J. GOODMAN | Michelle Souza |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| Judy Gallegos | Karen Meredith, DDA | Susan Sawyer, APD | John Stone, DPO |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | TERM (LWJ) | TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 12021(a) | Felon possess firearm | 94 | 03 | 08 | 95 | | | X | M | 2 | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:
For each count list enhancements horizontally. Enter time imposed for each on "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385.
Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly at 667-series) and OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each on "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4. OTHER ORDERS:

Defendant is ordered to pay a $200.00 Restitution Fine.
(Defendant is ordered to pay Restitution of $1,498.80 and 558112 to victims)

| 5. TIME STAYED § 1170.(g) (DOUBLE BASE LIMIT): | 2 |
|---|---|

6. TOTAL TERM IMPOSED:

7. ☒☒ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

8. EXECUTION OF SENTENCE IMPOSED:
A. ☒☒ AT INITIAL SENTENCING HEARING    B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL    C. ☐ AFTER REVOCATION OF PROBATION    D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))    E. ☐ OTHER

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR)    4/5/95

| CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS 62 | INCLUDING: | ACTUAL LOCAL TIME 41 | LOCAL CONDUCT CREDITS 21 | STATE INSTITUTIONS ☐ DMH    ☐ CDC |
|---|---|---|---|---|---|

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
☒☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF THE CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
☒☒ SAN QUENTIN
☐ CALIF. INSTITUTION FOR MEN – CHINO
☐ DEUEL VOC. INST.
☐ OTHER (SPECIFY):

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE   Marsha Smith

| DATE | April 12, 1995 |
|---|---|

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

**ABSTRACT OF JUDGMENT – COMMITMENT**
**SINGLE OR CONCURRENT COUNT FORM**
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
**FORM DSL 290.1**

**000525**

Form Adopted by the Judicial Council of California
Effective April 1, 1992

DISTRIBUTION:   PINK COPY – COURT FILE          YELLOW COPY – DEPARTMENT OF CORRECTIONS

# SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

| [XX] SUPERIOR | COURT OF CALIFORNIA, COUNTY OF __ALAMEDA__ |
| ☐ MUNICIPAL | |
| ☐ JUSTICE | |

COURT (I.D.)     BRANCH OR JUDICIAL DISTRICT: _____

**Q1**

**ENDORSED FILED ALAMEDA COUNTY**

**APR 11 1995**

RONALD G. OVERHOLT, Exec. Off./Clerk
By Marsha Smith

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: BRYANT E. DAVIS     [X] PRESENT   ☐ NOT PRESENT
AKA: ANM 348  4203948

122032B

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT
AMENDED ABSTRACT ☐

| DATE OF HEARING (MO) (DAY) (YR) 4/7/95 | DEPT. NO 4 | JUDGE CARL W. MORRIS | CLERK Cindy Bogle |

| REPORTER Patricia Hollinquest | COUNSEL FOR PEOPLE Gary Cummings, DDA | COUNSEL FOR DEFENDANT Alan Davidson, Esq. | PROBATION NO. OR PROBATION OFFICER |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | TERM (L,M,U) | YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS | 11351 | Poss. cont. subs. for sale | 94 | 04 | 07 | 95 | | | X | L | 2 | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.): For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4. OTHER ORDERS:

Defendant is ordered to pay a $200.00 Restitution Fine.

| 5. TIME STAYED § 1170.1(g) (DOUBLE BASE LIMIT): | | |
| 6. TOTAL TERM IMPOSED: | | 2 |

7. ☐ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

8. EXECUTION OF SENTENCE IMPOSED:
A. [X] AT INITIAL SENTENCING HEARING
B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. ☐ AFTER REVOCATION OF PROBATION
D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. ☐ OTHER _____

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 4/7/95 | CREDIT FOR TOTAL DAYS TIME SPENT IN CUSTODY 65 | INCLUDING: ACTUAL LOCAL TIME 43 | LOCAL CONDUCT CREDITS 22 | STATE INSTITUTIONS ☐ DMH ☐ CDC

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
☐ FORTHWITH
[X] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS
INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
[X] SAN QUENTIN
☐ CALIF. INSTITUTION FOR MEN – CHINO
☐ DEUEL VOC. INST.
☐ OTHER (SPECIFY):

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.
DEPUTY SIGNATURE _____   DATE April 11, 1995

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

**ABSTRACT OF JUDGMENT – COMMITMENT
SINGLE OR CONCURRENT COUNT FORM**
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

**000526**

Form Adopted by the Judicial Council of California
Effective April 1, 1992

PINK COPY – COURT FILE      YELLOW COPY – DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# FINGERPRINT CARD

NO. E-66767

NAME **DAVIS, BRYANT**    CLASS _____

ALIAS _____    REF. _____

**Right Hand**

**Left Hand**

| Hair | BLK | Eyes | BRN | Complexion | DK | Height | 5-11 |
|------|-----|------|-----|------------|-----|--------|------|
| Weight | 195 | Age | 30 | Build | LABORER | Occupation | LABORER |
| Rec'd at | San Quentin State Prison | Date | APR 2 1 1995 | County | ALA. | Nativity | MS. |
| Offense | CASE#122032B CT HS 11351 POSS CONT. SUBS FOR SALE | | | Term | 2 YRS 0 MON | Race | BLK. |

Marks, Scars, Tattoos (Location & Brief Description — Scar Right Eye, Tattoo Eagle Right Forearm. NOTE: If numerous list those most prominent).

Case # 123375 CT 1 PC 12021(a) Felon Poss. F/A (2 years C.C.)

Taken by _____    Signature Bryant E Davis



| Left Hand | Left Thumb | Right Thumb | Right Hand |

CDC - 136 (7/65)

000533

STATE OF CALIFORNIA CDC 112 (7-83)

CHRONOLOGICAL HIST

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| 4-28-94 | Calculation Audit | wfm | "0" COD / "A" COD | 1-7-95 / 1-7-97 |
| 10-27-94 | Parole suspended eff. 8-17-94. | | | DR 4-4-95 |
| | Code 1 | wfb | | PAR |
| 2-25-95 | Arrested/Hold placed | wfb | 192 Days | |
| 3-15-95 | Reinstate on parole eff. 2-25-95 | | | |
| 3-20-95 | Par. Rev. Screening - RTC 11 months | | RRD | 1-21-96 |
| | SB-16 Ineligible | | "0" COD / "A" COD | 1-18-96 / 6-7-98 |
| 3-28-95 | Signed (Uncon) Waiver | wfb | DR | 1-21-97 |
| 4-21-95 | Deid Sdnc (CNT) ③ | ae | | |
| 4-24-95 | WANTED - Alameda County S.O. | | | |
| | * 4178166   T.S. Expires 6-27-95   error 6-27-95 | MC | | |
| 5-9-95 | Transfer Audit | | | |
| | RESTITUTION ORDERED PER Alameda co. | | | |
| | CASE # 123375 , $ 200 00 | | | |
| | CASE # 122032 B, $ 200 00 | mc dsl | | 6-25-96 |
| 6-12-95 | Rec'd FSP | | | |
| 6-27-95 | Intake Audit (A2) | gf | EPRD | 6-26-96 |
| 6/29/95 | NLW - Alameda go s/p. # 4178166 - | SP | | |
| | T.S. expired. 6-27-95. | | | |
| 8-31-95 | WG Change A1 eff 8-29-95 | gf | EPRD | 4-11-96 |
| * 2-7-96 | 60 day audit; credit applied | | "A" COD | 6-7-98 |
| | thru 12-31-95   (A1) | bt | "B" COD | 4-11-99 |
| 4-3-96 | Parole Audit | TD | | |
| * 1-15-96 | Discharge Case # 9V313 per BPT 2536A | TD | | |
| 4-11-96 | Parole to Reg II-Oakland # 2, Alameda CO | NR | | |
| 10-2-96 | Arrested/Hold Placed | MM | | |
| | ( OVER ) (cont.) | | | 000522 |

Number EL6767   Name Davis, Bryant   Page 40a

FORM DSL 290.1

**OF JUDGMENT – PRISON**
**SINGLE OR CONCURRENT COUNT FORM**
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

F I L E
DEC 2 9 1997
CONTRA COSTA COUNTY
BY   C. ERDMAN   DEPUTY

☒ SUPERIOR
☐ MUNICIPAL } **COURT OF CALIFORNIA, COUNTY OF** ___CONTRA COSTA___
☐ JUSTICE

**BRANCH OR JUDICIAL DISTRICT:** _____

COURT (I.D.) 0, 7

**PEOPLE OF THE STATE OF CALIFORNIA** versus
**DEFENDANT:** BRYANT EUGENE DAVIS            ☒ PRESENT      971937-8
**AKA:**                                      ☐ NOT PRESENT

**COMMITMENT TO STATE PRISON**        AMENDED ☐
**ABSTRACT OF JUDGMENT**              ABSTRACT

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 12-29-97 | 3 | GARRETT J. GRANT | G. HENNE |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| DINA HOLLAND | PAULA LYONS | PD: DAN CLARK | LINDA NORTON |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | TERM (LAW) | YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | H&S | 11350 | POSSESSION NARCOTIC | 97 | 12 | 29 | 97 | | X | L | L | 1 | 4 |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly at § 667-series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 667.5(b) | S | 667.5(b) | S | | | | | | | |

4. OTHER ORDERS:
$200 Restitution Fine
$200 Parole Violation Fine
Register pursuant to H&S 11590

5. TIME STAYED § 1170.1(g) (DOUBLE BASE LIMIT):                    1    4

6. TOTAL TERM IMPOSED:

7. ☐ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

8. EXECUTION OF SENTENCE IMPOSED:
A. ☒ AT INITIAL SENTENCING HEARING
B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. ☐ AFTER REVOCATION OF PROBATION
D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. ☐ OTHER _____

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 12-29-97

| CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS 216 | INCLUDING: | ACTUAL LOCAL TIME 144 | LOCAL CONDUCT CREDITS 72 | STATE INSTITUTIONS ☐ DMH   ☐ CDC |
|---|---|---|---|---|---|

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
☒ SAN QUENTIN
☐ OTHER (SPECIFY):
☐ CALIF. INSTITUTION FOR MEN – CHINO
☐ DEUEL VOC. INST.

**CLERK OF THE COURT**

*I hereby certify the foregoing to be a correct abstract of the judgment made in this action.*

DEPUTY'S SIGNATURE   _G. Henne_                DATE 12-29-97

G. Henne

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

**ABSTRACT OF JUDGMENT – COMMITMENT**
**SINGLE OR CONCURRENT COUNT FORM**
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

000524

Adopted by the Judicial Council of California
Effective April 1, 1992

DISTRIBUTION:        PINK COPY – COURT FILE                YELLOW COPY – DEPARTMENT OF CORRECTIONS

**OF JUDGMENT – PRISON COMM...**

**SINGLE OR CONCURRENT COUNT FORM**

(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

FORM DSL 290.1

**ENDORSED FILED**
**ALAMEDA COUNTY**

NOV 18 1993

RONALD G. OVERHOLT, Exec. Off./Clerk
By Barbara J. Kane

☒ SUPERIOR
☐ MUNICIPAL  } COURT OF CALIFORNIA, COUNTY OF _____ ALAMEDA
☐ JUSTICE

COURT (I.D.)
S,0,1

BRANCH OR JUDICIAL DISTRICT: _____ Oakland

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: BRYANT DAVIS
AKA: (ANM 348   2159435)

☒ PRESENT
☐ NOT PRESENT

112108

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT ☐

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 11/16/93 | 7 | LARRY J. GOODMAN | Tracy M. Walz |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| Linda Thissell | Mark Melton, DDA | Philip Goldsmith, APD | N/A |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | TERM (L&M) | TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | VC | 2800.2 (1203) | Elude pursuing Peace Officer | 92 | 08 | 06 | 92 | | XX | L | 1 | 1 | 4 |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:
For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385.
Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly in 667-series) and OTHER:
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4. OTHER ORDERS:

TIME STAYED § 1170.1(g) (DOUBLE BASE LIMIT):

TOTAL TERM IMPOSED: 1  4

☐ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

EXECUTION OF SENTENCE IMPOSED:

A. ☐ AT INITIAL SENTENCING HEARING
B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. ☒ AFTER REVOCATION OF PROBATION
D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. ☐ OTHER _____

| DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|---|
| 11/16/93 | 417 | INCLUDING: | | 278 | 139 | ☐ DMH   ☐ CDC |

5. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
☒ SAN QUENTIN
☐ CALIF. INSTITUTION FOR MEN – CHINO
☐ DEUEL VOC. INST.
☐ OTHER (SPECIFY):

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| | November 18, 1993 |

Form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

Adopted by the Judicial Council of California
April 1, 1992

**ABSTRACT OF JUDGMENT – COMMITMENT**
**SINGLE OR CONCURRENT COUNT FORM**
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

000527

DISTRIBUTION:    PINK COPY – COURT FILE         YELLOW COPY – DEPARTMENT OF CORRECTIONS         WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

SRJ
3/7/65
BMA

ABSTRACT OF JUDGMENT – PRISON C(    **FORM DSL 290.1**
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple-Count Convictions nor Consecutive Sentences)

**ENDORSED FILED**

AUG 27 1990

RENE C. DAVIDSON, County Clerk
By DONNA J. MANGUIAT, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF _____ALAMEDA_____
BRANCH _____

COURT I.D.
| 0 | 1 |

CASE NUMBER: 94313

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: BRYANT EUGENE DAVIS
AKA: (ANM 348 8156464)
☒ PRESENT
☐ NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT
AMENDED ABSTRACT ☐

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 08/23/90 | 11 | SANDRA MARGULIES | Leslie Lethridge |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| Nancy Cardoza | Robert Aloe, DDA | Stephen Gimber, APD | |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | TRIM (LAU) | TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS | 11352 (1203) | Sale of cocaine | 88 | 09 | 28 | 88 | | | X | L | 3 | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4. OTHER ORDERS:

5. TIME STAYED § 1170.1(g) (DOUBLE BASE LIMIT):

6. TOTAL TERM IMPOSED:    **3**

7. ☐ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

8. EXECUTION OF SENTENCE IMPOSED:

A. ☐ AT INITIAL SENTENCING HEARING
B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. ☒ AFTER REVOCATION OF PROBATION
D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. ☐ OTHER _____

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR): 08/23/90

| CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS 527 | INCLUDING: | ACTUAL LOCAL TIME 351 | LOCAL CONDUCT CREDITS 176 | STATE INSTITUTIONS ☐ DMH | ☐ CDC |
|---|---|---|---|---|---|---|

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA
☒ CALIF. MEDICAL FACILITY – VACAVILLE
☐ SAN QUENTIN
☐ CALIF. INSTITUTION FOR MEN – CHINO
☐ DEUEL VOC. INST.

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

CLERK OF THE COURT

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| Donna J. Manguiat | Aug 27, 1990 |

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

ABSTRACT OF JUDGMENT – COMMITMENT
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

000528

Form Adopted by the Judicial Council of California Effective April 1, 1990

ORIGINAL    PINK COPY – COURT FILE    YELLOW COPY – DEPARTMENT OF CORRECTIONS    WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY                    ARNOLD SCHWARZENEGGER, *Governor*

**DEPARTMENT OF CORRECTIONS**
**Departmental Archives Unit**
**2015 Aerojet Road, Suite D**
**Rancho Cordova, CA 95742**
**(916) 358-1521**



December 09, 2003

Office of the District Attorney
County of Alameda
1225 Fallon Street
Oakland, CA. 94612

Attention:  Nancy E. Sunday

Regarding:          Davis, Bryant, Eugene
Alias(es):           N/A
CDC No.:            E66767
Discharge Date:   09-08-2002

Dear Sir/Madam:

This is to certify that the Director of the Department of Corrections, is the official legal custodian of the records of prisoners committed to the California State Prisons and that the said Director has authorized the undersigned to certify on his behalf the criminal records of persons who have served sentences in California State Prisons.

I further certify that the attached is/are a true and correct copy of the original(s) in my custody as required by law.

*Sheila R. Cole*
**SHEILA R. COLE**
*Correctional Case Records Analyst*

cc:  Central File
     SRC/jm

Attachments:    Chronological History/Movement History
                Abstract of Judgement(s)/Minute Order(s)
                Fingerprint Card(s)
                Photograph



000517

# CERTIFICATE OF SERVICE

I, HILDA SCHEIB, am an attorney licensed to practice law in the State of California and not a party to the within action. My business address is P. O. Box 29098, San Francisco, CA 94129. On November 30, 2005, I caused to be served PETITION FOR WRIT OF HABEAS CORPUS on:

Office of the Attorney General
455 Golden Gate Avenue
San Francisco, CA 94102

Bryant Eugene Davis

First District Appellate Project
730 Harrison Street
San Francisco, CA 94107

Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

Alameda County District Attorney
1225 Fallon Street
Oakland, CA 94612

by causing a true and correct copy to be placed in a sealed envelope, with first class postage thereon fully prepaid, and deposited in the United States mail at San Francisco, CA. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 30th day of November, 2005, in San Francisco, CA.

HILDA SCHEIB