# EXHIBIT H

*Killeen, J*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

In re

**BRYANT EUGENE DAVIS,**

On Habeas Corpus.

A112158

Alameda County Superior Court No. C143935A
The Honorable Thomas M. Reardon, Judge

**BRIEF IN OPPOSITION TO PETITION
FOR WRIT OF HABEAS CORPUS**

ATTORNEY GENERAL
OFFICE COPY

FILED
Court of Appeal                 First District

DEC 19 2005

Diana Hill
By _____

DOCKETED
SAN FRANCISCO

DEC 20 2005

By: CABAMANZANA
No: X-2054014

BILL LOCKYER
Attorney General of the State of California

ROBERT R. ANDERSON
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

MOONA NANDI
Supervising Deputy Attorney General

JOAN KILLEEN
Deputy Attorney General
State Bar No. 111679

455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5968
Fax: (415) 703-1234

Attorneys for Respondent

# TABLE OF CONTENTS

|  | Page |
|---|---|
| STATEMENT OF THE CASE | 1 |
| STATEMENT OF FACTS | 2 |
| STANDARD OF REVIEW | 3 |
| ARGUMENT | 5 |

I.    THE CASE SHOULD BE REMANDED TO RESOLVE THE FACTUAL QUESTION REGARDING PETITIONER'S PRIOR PRISON TERMS    5

     A.   Background    5

     B.   Applicable Law    7

     C.   The Case Should Be Remanded To Resolve The Factual Question Regarding Petitioner's Prior Prison Terms    8

II.    PETITIONER MAY NOT RAISE A CLAIM HE HAS ALREADY RAISED ON APPEAL    10

CONCLUSION    11

# TABLE OF AUTHORITIES

Page

**Cases**

*In re Harris*
(1993) 5 Cal.4th 813                                                    10

*In re Waltreus*
(1965) 62 Cal.2d 218                                                   10

*People v. Cox*
(1991) 53 Cal.3d 618                                                    7

*People v. Duvall*
(1995) 9 Cal.4th 464                                                  3, 4

*People v. Jones*
(1998) 63 Cal.App.4th 744                                              7

*People v. Ledesma*
(1987) 43 Cal.3d 171                                                    7

*People v. Marsden*
(1970) 2 Cal.3d 118                                                     5

*People v. Riel*
(2000) 22 Cal.4th 1153                                                  7

*People v. Romero*
(1994) 8 Cal.4th 728                                                  3, 4

*Strickland v. Washington*
(1984) 466 U.S. 668                                                     7

## TABLE OF AUTHORITIES  (continued)

Page

**Statutes**

Penal Code
    § 187                                                                    1
    § 190.2, subd. (a)(17)(A)                                                1
    § 667.5, subd. (b)                                                     1, 5, 7


**Court Rules**

California Rules of Court
    Rule 60                                                                   4

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| In re<br><br>**BRYANT EUGENE DAVIS,**<br><br>On Habeas Corpus. | A112158 |

Petitioner was convicted of second degree robbery. His direct appeal from his conviction is currently pending in case number A107183. Petitioner has concurrently filed a petition for writ of habeas corpus in which he alleges that he was erroneously sentenced on five prior prison term enhancements, that his trial counsel was ineffective for failing to point out the sentencing error, and that he did not knowingly and voluntarily waive his right to appeal. Petitioner states a prima facie case for relief with respect to his first claim only.

### STATEMENT OF THE CASE

On January 5, 2004, the Alameda County District Attorney filed a first amended information charging petitioner Bryant Eugene Davis with murder (Pen. Code, § 187, count one)[1] and second degree robbery (§ 211, count two). The information alleged a special circumstance as to count one, that the murder was committed while petitioner was engaged in the commission of robbery (§ 190.2, subd. (a)(17)(A)). The information further alleged that petitioner had suffered eight prior felony convictions and had served five prison terms (§ 667.5, subd. (b)). (CT 318-324.)

---

1. All further unspecified statutory references are to the Penal Code.

1

On February 3, 2004, petitioner admitted the prior conviction allegations, and the trial court found them to be true. (CT 368; 2/3/2004 RT 1-15.) On a date not specified in the appeal record, a jury found petitioner guilty of robbery, but deadlocked on the murder charge. (See CT 450, 452.)

On May 21, 2004, the parties agreed to a negotiated resolution in which petitioner would be sentenced to a total term of ten years, consisting of five years for the robbery charge and five years for the five prior prison term allegations, and the murder charge would be dismissed. As part of the negotiated resolution, petitioner agreed to waive his rights to appeal. (CT 452-453.) On July 9, 2004, the trial court sentenced petitioner to the aggravated term of five years on the robbery charge and to one year for each of his five prior prison terms, to be served consecutively. (CT 459-461; 7/9/2004 RT 2-3.)

Petitioner filed his opening brief in his direct appeal on June 27, 2005. On or about November 30, 2005, he filed a petition for writ of habeas corpus. On December 5, 2005, this Court requested that respondent file an informal opposition to the petition.

## STATEMENT OF FACTS

The following factual summary is taken from the probation officer's report.

> Per Berkeley Police Report #02-011107: Near 1:30 a.m., witness observes victim—a 52-year-old male who ". . . (suffered) from tuberculosis and a medical condition that does not allow him to straighten his neck or lift his head"—being robbed while seated on a bus bench by the defendant and codefendant. Immediately prior the two had walked behind the bench. From that vantage point the codefendant "grabbed (the victim) around the neck with both hands, picking his head up. (Defendant) . . . reached into the victim's pockets and started pulling stuff out. The victim never resisted."
> After the victim confirmed the robbery, the witness telephoned police who shortly detained the defendant and codefendant at a nearby location, also recovering the victim's Mastercard and shopping card

2

from a nearby sidewalk. The witness was transported to the scene where he identified the pair as the responsibles. The victim was taken to the hospital for emergency treatment but released. Several hours later, he was returned to the hospital where it was determined he was "swollen/bleeding under the skin" of his "neck and shoulder area" and had possible "fluid in his lungs." The victim's condition continued to deteriorate, the victim "going into cardiac arrest and (having) stopped breathing." He was revived with advanced life support but ultimately expired.

(CT 467.)

## STANDARD OF REVIEW

One who seeks to collaterally attack a presumptively final judgment by means of a petition for a writ of habeas corpus "bears a heavy burden initially to *plead* sufficient grounds for relief, and later to *prove* them." (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) To satisfy the initial burden of pleading adequate grounds for relief, the petition must allege unlawful restraint, name the person by whom the petitioner is unlawfully restrained, and specify the facts supporting the claim that the restraint is unlawful. (*People v. Romero* (1994) 8 Cal.4th 728, 737.) It should both: (1) state fully and with particularity the facts on which relief is sought, and (2) include copies of any reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations. (*Duvall, supra*, 9 Cal.4th at p. 474.) It is the burden of the petitioner to establish the grounds for his or her release. (*Ibid.*)

An appellate court receiving a petition for a writ of habeas corpus must first determine whether the petition states a prima facie case for relief and whether the stated claims are for any reason procedurally barred. (*Romero, supra*, 8 Cal.4th at p. 737.) If the court determines that the petition does not state a prima facie case for relief or that the claims raised are procedurally

3

barred, it will summarily deny the petition. (*Ibid.*) When, on the other hand, the court finds that the petition is facially sufficient, it will issue an order to show cause, which directs the respondent (i.e., the custodian or the real party in interest) to file a written return responding to the allegations of the petition. (*Duvall, supra*, 9 Cal.4th at p. 475; *Romero, supra*, 8 Cal.4th at pp. 737-738.)

To assist it in making this initial determination as to the facial sufficiency of the petition, the court may request an informal response from the respondent. (*Romero, supra*, 8 Cal.4th at p. 737; see Cal. Rules of Court, rule 60.) The purpose of the informal response is to identify petitions which may be summarily dismissed without the need for formal pleadings or an evidentiary hearing. (*Romero, supra*, 8 Cal.4th at p. 742.) Accordingly, the informal response need not respond to the factual allegations of the petition, but may instead be limited to legal arguments with respect to perceived flaws on the face of the petition. (*Romero, supra*, 8 Cal.4th at pp. 740-742, 745 & fn. 11; cf. *Duvall, supra*, 9 Cal.4th at pp. 475-476 [return must respond to allegations of petition].)

## ARGUMENT

### I.

### THE CASE SHOULD BE REMANDED TO RESOLVE THE FACTUAL QUESTION REGARDING PETITIONER'S PRIOR PRISON TERMS

Petitioner contends in Argument I that he was unlawfully sentenced to five one-year prior prison term enhancements under section 667.5, subdivision (b) when he served only four prior prison terms within the meaning of the statute. He contends in Argument II that counsel was ineffective for failing to address the matter on petitioner's behalf. The records petitioner submits in support of his first argument appear to support his claim that he served only four prior prison terms. Accordingly, it appears that petitioner states a prima facie case with respect to his contention that he was unlawfully sentenced on the enhancements for five such terms.

### A.   Background

On January 5, 2004, the Alameda County District Attorney filed an information charging petitioner with murder and robbery and alleging eight prior felony convictions, five of which resulted in a prison term as described in section 667.5, subdivision (b). (CT 318-324.) The eighth prior conviction, which resulted in a prison term, was alleged to have occurred on March 8, 1985. (CT 323.) On February 3, 2004, while the jury was deliberating on the substantive charges, petitioner admitted all of the prior conviction allegations. (CT 368; 2/3/04 RT 2-15.)

On February 9, 2004, the trial court held a hearing on petitioner's motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, in which he raised a number of contentions regarding trial counsel. (CT 374; 2/9/04 RT 1-21.) However, the first contention was that petitioner "wished to either withdraw his

admission to one of the eight prior convictions that he committed on an earlier occasion or address the court with respect to that." (2/9/04 RT 1.) The court stated that it could be taken up "at a later juncture." (*Id*. at p. 2; see *id*. at p. 7.) Trial counsel said that was "fine" with petitioner. (*Ibid*.)

At a change of plea proceeding on May 21, 2004, the trial court stated the jury had found petitioner guilty of robbery, but deadlocked on the murder charge. A mistrial had been declared and the case sent back for retrial. (CT 452.) The court also stated that petitioner had agreed to a negotiated resolution in which he would be sentenced to ten years, consisting of five years for the robbery charge, plus one year each for the five prior prison term enhancements. As part of the agreement, the pending murder charge would be dismissed. (*Ibid*.) Neither petitioner nor his counsel mentioned that one of the admissions to a prior prison term might have been erroneous. (CT 452-457.)

On July 9, 2004, the trial court held a hearing on petitioner's second *Marsden* motion. (CT 459; 7/9/04 [*Marsden* motion] RT 3-12.) Petitioner did not say that any of his admissions to the prior prison term allegations were erroneous. On the same date, the court sentenced petitioner to ten years. (CT 459; 7/9/04 RT 1-3.) Again, petitioner did not mention his admissions to the prior prison term allegations.

Petitioner has now filed a petition for writ of habeas corpus in which he contends that he erroneously admitted the eighth prior conviction allegation, which also constituted the fifth prior prison term, because that conviction actually occurred in 1995, rather than 1985, as alleged in the information. Petitioner served his sentence on the eighth prior conviction concurrently with his sentence on the third prior conviction. (Pet. at 13-14; see exhibits attached to Petition.) Accordingly, he contends he actually served only four prior prison terms.

## B.  Applicable Law

An enhancement under section 667.5, subdivision (b) is for the prior prison term, not the conviction.  Where a defendant has two prior convictions for which he served only one prison term, he is subject to only one enhancement.  (*People v. Riel* (2000) 22 Cal.4th 1153, 1203; *People v. Jones* (1998) 63 Cal.App.4th 744, 747.)  Where only one prison term is served for two prior convictions, but two prior prison term enhancements are found or imposed, the court may strike the redundant second prison term finding. (*People v. Riel, supra*, 22 Cal.4th at p. 1203; *People v. Jones, supra*, 63 Cal.App.4th at p. 750.)

The burden of proving a claim of ineffective assistance of counsel is on the defendant.  (*People v. Cox* (1991) 53 Cal.3d 618, 655.)  To demonstrate ineffectiveness, the defendant must show that (1) counsel's performance was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the outcome of the proceeding would have been different.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Ledesma* (1987) 43 Cal.3d 171, 218.)

In conducting its inquiry, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (*Strickland v. Washington, supra*, 466 U.S. at p. 690.)  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  (*Id.* at p. 697.)  To show deficient performance, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  (*Id.* at p. 687.)  To show prejudice, the defendant must

7

show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." (*Ibid.*)

### C.    The Case Should Be Remanded To Resolve The Factual Question Regarding Petitioner's Prior Prison Terms

The record shows that shortly after admitting the prior conviction and prior prison term allegations, petitioner had a doubt as to one of his admissions. After he raised the issue, petitioner agreed with his counsel and the court that the matter could be addressed at a later time, since the jury had not yet concluded its deliberations. Through apparent oversight, the matter was not raised again. Petitioner was subsequently sentenced on five prior prison term enhancements.

Petitioner now contends that he only served four prior prison terms because two of the alleged prior convictions resulting in prison terms were served concurrently. Specifically, he contends his plea to the eighth prior conviction allegation (felon in possession of a firearm) was erroneous because that conviction occurred on March 8, 1995, not March 8, 1985, as the information alleged. (See Pet., Exh. p. 525; CT 323.) He served his two-year prison term for the March 1995 conviction concurrently with a two-year term for a conviction he suffered on April 7, 1995, which was listed as the third prior conviction in the information. (Pet., Exh. pp. 522, 525-526, 533; CT 321.) Petitioner cites to the probation officer's report as support for his contention that he erroneously pleaded to a conviction that resulted in a fifth prior prison term. (Pet. at 13.) However, the probation report lists only the April 7, 1995, conviction, not the March 8, 1995, conviction. (CT 466.) Because there

appears to be a factual question in the record regarding petitioner's prior convictions, the case should be remanded to resolve the issue.[2]

In light of the need for remand, it is unnecessary to reach the question of trial counsel's competence with respect to his failure to bring the issue to the court's attention at the time of petitioner's change of plea and sentencing. Moreover, we note that petitioner was silent on the issue throughout these proceedings, thus raising a question with respect to his belief that he had erroneously admitted one of the convictions. Having agreed to a ten-year prison term in exchange for dismissal of the murder charge, petitioner may have decided not to pursue the issue. Since a finding with respect to counsel's competence will bring petitioner no further relief, it is unnecessary to address the matter.

---

2. Petitioner's counsel states in her declaration that she found the documents that are attached as exhibits to the petition in trial counsel's files, but that she was unable to find copies of the same documents in the trial court's files. (Pet. at 28-29.) On the present record, respondent cannot ascertain the authenticity of the records attached as exhibits to the petition.

## II.

## PETITIONER MAY NOT RAISE A CLAIM HE HAS ALREADY RAISED ON APPEAL

In Argument III, petitioner repeats the claim he made in his direct appeal—that his waiver of his right to appeal, made as part of the negotiated disposition, was not knowing and voluntary. This claim is not cognizable on habeas corpus.

A petition for writ of habeas corpus cannot serve as a second appeal. Where the claim has already been raised on direct appeal, it cannot be entertained in a habeas petition. (*In re Harris* (1993) 5 Cal.4th 813, 829; *In re Waltreus* (1965) 62 Cal.2d 218, 225.) "Courts will . . . presume that the elaborate appellate system established by the state Constitution and the Legislature was sufficient to allow a person to present adequately his or her grievances for judicial review." (*In re Harris, supra*, 5 Cal.4th at p. 829.)

Since petitioner has already raised on direct appeal the claim that his waiver of appeal rights was not knowing and voluntary, he may not raise the claim again on habeas corpus. Accordingly, he fails to state a prima facie case on this claim.

## CONCLUSION

For the reasons stated, respondent respectfully requests that the matter be remanded to the trial court for resolution of the sentencing issue with respect to petitioner's prior prison term enhancements, and that in all other respects the petition for writ of habeas corpus be denied.

Dated:  December 16, 2005

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of California

ROBERT R. ANDERSON
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

MOONA NANDI
Supervising Deputy Attorney General

JOAN KILLEEN
Deputy Attorney General

Attorneys for Respondent

JK/jk/lls
c:\dat\Killeen\davishcopp.wpd

11

# CERTIFICATE OF COMPLIANCE

I certify that the attached BRIEF IN OPPOSITION (HC) uses a 13 point Times New Roman font and contains 2629 words.

Dated:  December 16, 2005

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of
California

JOAN KILLEEN
Deputy Attorney General

Attorneys for Respondent

## DECLARATION OF SERVICE

Case Name: **In re Bryant Eugene Davis**                    No.: **A112158**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the Bar of this Court at which member's direction this service is made. I am 18 years of age or older and not a party to the within entitled cause; I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **December 19, 2005**, I placed the attached **BRIEF IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS** in the internal mail collection system at the Office of the Attorney General, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102, for deposit in the United States Postal Service that same day in the ordinary course of business, in a sealed envelope, postage thereon fully prepaid, addressed as follows:

Hilda Scheib, Esq.                                Honorable Thomas Orloff
P. O. Box 29098                                   District Attorney
San Francisco, CA 94129                   1225 Fallon Street, Room 900
                                               Oakland, CA 94612

First District Appellate Project
730 Harrison Street, Suite 201                 Clerk of the Superior Court
San Francisco, CA 94107                    1225 Fallon Street, Room 107
                                               Oakland, CA 94612

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **December 19, 2005**, at San Francisco, California.

| | |
|---|---|
| L. SORENSEN | _L. Corken_ |
| Typed Name | Signature |