# EXHIBIT I

*Killeen*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| In re | ) No. A112158 |
| | ) |
| BRYANT EUGENE DAVIS, | ) Related Appeal Pending |
| | ) A107183 |
| Petitioner, | ) |
| | ) |
| On Habeas Corpus. | ) |
| | ) |

DOCKETED
SAN FRANCISCO
JAN 5, 2006
By ___ J. EMELO
No. 2005401714

---

### PETITIONER'S REPLY TO BRIEF IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

---

Hilda Scheib, Esq.
SBN 96081
P.O. Box 29098
San Francisco, CA 94129
415-750-9397

Attorney for Petitioner

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| In re | No. A112158 |
| BRYANT EUGENE DAVIS, | Related Appeal Pending A107183 |
| Petitioner, | |
| On Habeas Corpus. | |

**PETITIONER'S REPLY TO BRIEF IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS**

Hilda Scheib, Esq.
SBN 96081
P. O. Box 29098
San Francisco, CA 94129
415-750-9397

Attorney for Petitioner

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | |
| I. THIS COURT SHOULD STRIKE ONE PRIOR PRISON TERM ENHANCEMENT BASED ON THE RECORD BEFORE IT. | 2 |
| II. PETITIONER'S CLAIM THAT HIS WAIVER OF HIS RIGHT TO APPEAL WAS NOT KNOWING AND VOLUNTARY IS COGNIZABLE ON PETITION FOR WRIT OF HABEAS CORPUS, IN CONJUNCTION WITH THE PENDING APPEAL, BECAUSE THE PETITION INCLUDES MATTER OUTSIDE THE RECORD ON APPEAL. | 4 |
| CONCLUSION | 7 |

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| In re | ) No. A112158 |
| | ) |
| BRYANT EUGENE DAVIS, | ) Related Appeal Pending |
| | ) A107183 |
| Petitioner, | ) |
| | ) |
| On Habeas Corpus. | ) |
| | ) |

**PETITIONER'S REPLY TO BRIEF IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS**

INTRODUCTION

Pursuant to this Court's order of December 5, 2005, petitioner files the following reply to respondent's brief in opposition to his petition for writ of habeas corpus.

1

# ARGUMENT

## I.

### THIS COURT SHOULD STRIKE ONE PRIOR PRISON TERM ENHANCEMENT BASED ON THE RECORD BEFORE IT.

Respondent concedes that petitioner has made a prima facie case that he was unlawfully sentenced to five prior prison term enhancements under Penal Code § 667.5(b), while in reality he served only four separate prior prison terms within the meaning of the statute, as two were served concurrently. (.Opp. Bf., p. 5) Respondent also urges that the matter should be remanded to resolve the issue. (Opp.Bf., p. 9)

Remand is not necessary, as the record -- as supplemented by exhibits attached to the petition -- is dispositive on the issue. Petitioner's chronological prison history reveals that he served his sentences on cases 123375 and 122032B concurrently. (Exh. A, p. 522.) So too does the prison fingerprint card (Exh. A, p. 523), which lists the two cases numbers, 123375 and 122032B, and indicates that the sentence on them is two years concurrent. The probation reports lists the 4/5/95 disposition in case number 123375 for violation of Penal Code § 12021(a) and the imposition of a two-year concurrent term. It also lists the 4/7/95 disposition in case number 120232(B) and a two year state prison sentence. Finally, it reveals that petitioner was paroled on 4/11/96. (CT 466) That parole date in the two cases is confirmed by the chronological history (Exh. A, p. 522). While respondent is correct that the probation report does not specifically list a conviction date of March 8, 1995 in case number 123375, it does correctly list the date sentence was pronounced, i.e., April 5, 1995, for that identical case number.

2

(CT 466) There is no doubt that the case on which petitioner suffered a March 8, 1995 conviction was 123375, for which he was sentenced on April 5, 1995, as reflected in the probation report.[1] (CT 466)

    As this evidence establishes, petitioner was improperly sentenced to two one-year terms under § 667.5(b), even though the prison terms underlying the enhancement were served concurrently, and not separately, as the statute requires. In other words, he served a concurrent sentence in cases 123375 and 122032(B), as evidenced by the chronological prison history (Exh. A, p. 522), the fingerprint card (Exh. A, p. 533), the abstracts of judgment in the two cases (Exh. A, pp. 525-526) and the probation report. (CT 466) Since no factual question remains unresolved, remand is unnecessary, and this Court should strike one prior prison term enhancement.

---

[1] Respondent is correct that the documents relied upon by petitioner were drawn from defense counsel's files and not from court records. They were not part of the record on appeal. Still, respondent, who presumably could obtain the documents from the district attorney's file – which petitioner could not because the district attorney failed to return phone calls (Decl. of Hilda Scheib, Esq., ¶ 4) – is, contrary to averment (Opposition, fn. 2), in a position to ascertain their authenticity and to challenge them were they not authentic.

II.

PETITIONER'S CLAIM THAT HIS WAIVER OF HIS RIGHT
TO APPEAL WAS NOT KNOWING AND VOLUNTARY
IS COGNIZABLE ON PETITION FOR WRIT OF HABEAS CORPUS,
IN CONJUNCTION WITH THE PENDING APPEAL,
BECAUSE THE PETITION INCLUDES MATTER
OUTSIDE THE RECORD ON APPEAL.

Respondent argues that petitioner's claim that his waiver of his right to appeal was not knowing and voluntary is not cognizable on habeas corpus because "a petition for writ of habeas corpus cannot serve as a second appeal." (Opp.Bf, p. 10.) Relying on People v. Waltreus (1965) 62 Cal.2d 218, 225, respondent argues that "[w]here the claim has already been raised on direct appeal, it cannot be entertained in a habeas petition." (Id.)

Respondent mischaracterizes the nature of petitioner's claim in this habeas corpus action. The present petitioner is not designed to get separate and independent appellate court consideration of the issue as a "second appeal." Rather, it is designed to amplify the evidence before this Court in its consideration of the issue by including matters which are outside the appellate record. As People v. Harris (1993) 5 Cal.4th 813, 829 makes clear, the Waltreus rule is not applicable to issues that are based on matters outside the appellate record. "In such cases, the habeas corpus petition should be filed in conjunction with the direct appeal." The procedure, i.e., filing a habeas corpus petition based on matters outside the appellate record, in conjunction with the direct appeal, is precisely the method set forth in People v. Pope (1979) 23 Cal.3d 412, 426-427, fn. 17) and followed as common practice in California courts. (See, People v. Duvall (1995) 9 Cal.4th 464, 476 ["Where reference to matters outside the record

4

were included in the record on appeal.[2] (Exh. A, pp. 525-526, Exh. B, pp. 524, 527-528) As each of these exhibits demonstrates, petitioner's conviction in each case resulted from a plea rather than trial and therefore courts imposing sentence in each instance were under no duty to advise petitioner of his appeal rights. A conclusion that petitioner had been informed of his appeal rights on these prior occasions was therefore totally unsupported by petitioner's past history.

Accordingly, a habeas corpus petition was the proper means for arguing the error of the trial court's conclusion, in that it was based on matters outside the record on appeal. Under these circumstances, it was not only appropriate, but also necessary, for petitioner to file a habeas petition in conjunction with the direct appeal.

Petitioner has requested that this writ be consolidated with petitioner's direct appeal, pending before this Court in case number A107183. Given that the same issue – whether petitioner's waiver of his rights was knowing and voluntary – is raised in both the direct appeal and his petition, petitioner respectfully urges that consolidation and joint consideration is appropriate.

---

[2] In its September 30, 2004 order, this Court limited the record on appeal to only those items occurring after petitioner's purported waiver of his right to appeal. (CT 472)

6

## CONCLUSION

For the reasons discussed above, petitioner respectfully urges that this Court strike one prior prison term enhancement imposed under § 667.5(b) as redundant. If this Court concludes that a factual question remains, then the matter should be remanded for resolution of the issue. Petitioner also respectfully urges that this Court consider the writ petition, in conjunction with his direct appeal, on the issue of whether his waiver of appeal rights was voluntary and intelligent.

Dated: December 30, 2005

Respectfully submitted,

*[signature]*

Hilda Scheib
Attorney for Petitioner

## CERTIFICATE OF SERVICE

I, HILDA SCHEIB, am an attorney licensed to practice law in the State of California and not a party to the within action. My business address is P. O. Box 29098, San Francisco, CA 94129. On December 30, 2005, I caused to be served REPLY TO RESPONDENT'S OPPOSITION
on:

Joan Killeen, Deputy Attorney General
455 Golden Gate Avenue
San Francisco, CA 94102

Bryant Eugene Davis

First District Appellate Project
730 Harrison Street
San Francisco, CA 94107

Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

Alameda County District Attorney
1225 Fallon Street
Oakland, CA 94612

by causing a true and correct copy to be placed in a sealed envelope, with first class postage thereon fully prepaid, and deposited in the United States mail at San Francisco, CA.
  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 30th day of December, 2005, in San Francisco, CA.

*/s/ Hilda Scheib*