BRYANT E. DAVIS , CDCR# v-44561
F.S.P. 5B-AB2-31 L
P.O. Box 950
Folsom , CA. 95763
In pro se.



IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| BRYANT E. DAVIS ,<br>    Petitioner ,<br><br>vs.<br><br>MATT KRAMER , Warden ,<br>    Respondent . | DOCKET NO:C-07-3232 JF (PR)<br><br>OPPOSITION MOTION: SEEKING TO QUASH THE RESPONDENT'S MOTION TO DISMISS THE PETITIONER'S FEDERAL HABEAS PETITION FOR FAILURE TO EXHAUST STATE REMEDIES AS BEING CONTRARY TO CONTROLLING FEDERAL PRECEDENT . |

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT JUDGE FOR THE NORTHERN DISTRICT OF CALIFORNIA .

---

Comes now , **Bryant E. Davis** , the defendant and petitioner in the above-entitled action , OPPOSITION MOTION : QUASH THE RESPONDENT'S MOTION TO DISMISS PETITION FEDERAL HABEAS PETITION FOR FAILURE TO EXHAUST STATE REMEDIES AS CONTRARY TO CONTROLLING FEDERAL PRECEDENT , respondents dismissal motion was dated , **January 24 2008** , do so now moves the instant court , U.S. District Court , Northern District of California , to order the respondent to address the factual merits of the petitioner's , 28 U.S.C. § 2254 , Federal Habeas Writ . The petitioner has satisfied the requisites of the Anti-Terrorism and Effective Death Penalty Act of 1996 , (Hereafter [AEDPA]) , exhaustion principles . And or in the interim , the petitioner should be

1

allowed the opportunity to return to the state court to exhaust whatever claim or claims the court might so deem to be unexhausted.

This motion shall be based upon it's contained, MEMORANDUM OF POINTS AND AUTHORITIES, as well as the ensuing exhibit.

## MEMORANDUM OF POINTS AND AUTHORITIES

The crux of the petitioner's entire his state appellate and collateral review filings incorporates the allegational claim of the petitioner's unknowing waiver of state appeal rights, People v Castrillo (1991) 278 C.R. 121, 122, which are appealable issues under both state, People v Sherrick (1993) 24 C.R. 25 & People v Couch (1996) 56 C.R. 220, and federal law, Botkins v Alabama (1969) 395 US 238, as constitutional violation of the due process clause. U.S. Const. V & XIV Amdt. & Cal. Const. Art. I § 7, 15  The petitioner contends that (1). The respondent has erroneously applied the state exhaustion sanction / bar against the petitioner, (2). The petitioner's 28 U.S.C § 2254, federal habeas petition does meet and satisfy 28 U.S.C. § 2254(b), state exhaustion rule as defined under the, (AEDPA). Duncan v Henry (1995) 513 US 364, 365  The petition also alleges ineffective assistance of trial counse, (Hereafter I.A.C.), Strickland v Washington (1984) 466 US 668, in failing to secure the petitioner's right to appeal, Roe

vFlores-Ortega (2000) 528 US 470 , 483-84 , a guilty plea , U.S. v Garcia-Valenzuela 232 F.3d 1003 , 1007(9th Cir. 2000) , is a cognizant issue for appellate as well as collateral review . Menna v New York (1972) 423 US 61 , 63

The petitioner filed a timely notice of appeal and was appointed appellate counsel , "The exhaustion requirement ensures that the state courts have the first opportunity to review convictions and preserve the role of state courts in protecting federally guaranteed rights" . Coleman v Thompson (1991) 111 S.Ct. 2546 , petitioner's appellate brief the California Court of Appeal , First Appellate District , alleging that the petitioner's wavier of his right to appeal were involuntary and unknowingly wavied . While the , "The burden of establishing that such claims were fairly presented falls upon the petitioner . Caswell v Ryan 953 F.2d 853(3d Cir. 1992) , the petitioner did "fairly" present his allegational claims in each of the State's Judicial Jurisdictions , i.e. [TRIAL COURT , APPEAL COURT , STATE SUPREME COURT] , before proceeding and filing his ' 2254 federal habeas petition in the instant court .

Factual contentions:

The petitioner ask that the U.S. DISTRICT COURT , take judicial notice of the following facts , Ms. JOAN KILLEEN , Esq., a Deputy Attorney General , in the State of California , has been the respondent's attorney of record throughout the entirety of the petitioner's state and federal appellate and collateral proceedings . The petitioner now directs the court

3

PETITIONER'S OPPOSITION MOTION : SEEKING TO QUASH RESPONDENTS DISMISSAL MOTION

attention to page ten [10] of the respondent's State Habeas Oppositional Briefing , **Ex. : [A]** , where the respondent avers that the petitioner adequately raised the claim that he unknowing waived his appeal , Fields v Bagley 275 F.3d 478 , 483(9th Cir. 2001) & In re Harris (1993) 5 C.4th 813 , 829 , during the State's elaborate appellate system . Lambert v Blackwell 134 F.3d 506 , 513(3d Cir. 1997)

Next the petitioner's appellate counsel letter , **Ex. : [B]** , dated August 16 2006 , directs the petitioner to file a '2254 federal habeas petition , as his state appeals rights had been exhausted . Which if incorrect falls under the combined "cause" , Wainwright v Sykes (1977) 93 S.Ct. 2497 , and , "prejudice" , Keeny v Tamayo-Reyes (1992) 112 S.Ct. 1715 & Campbell v Blodgett 977 F.2d 512(9th Cir. 1993) , standards , Tacho v Martinez 862 F.2d 1376(9th Cir. 1988) . Because the petitioner relied upon his appellate counsel's assessment that his State appellate and collateral review filings had been exhausted . Neither the State Supreme Court nor the it subordinate First District Appellate Court in either of its denial , ever stated that it lacked jurisdiction to entertain the petitioner's allegational claims . denial

And in the interim if the U.S. District Court determines that the petitioner has alleged a mixed petition , of both exhausted and unexhausted state claims , Rose v Lundy (1982) 455 US 509 , 510 , the petitioner moves the court to afford him the

4

PETITIONER'S OPPOSITION MOTION : SEEKING TO QUASH RESPONDENTS DISMISSAL MOTION

opportunity to exhaust those unripe claims in the state supreme court . <u>Bramble v Duncan</u> 330 F.3d 1197 1204(9th Cir 2002)  Or that the instant court allow the petitioner to Amend his petition . <u>Murray v Woods</u> 107 F.3d 629 , 632(8th Cir. 1997)

## CONCLUSION

The petitioner's Opposition Motion which seeks to Quash , the respondent's dismissal motion which alleges the petitioner failed to exhaust his state remedies , as inapplicable for the above reasons .

Dated: 3-25-08

Respectfully Submitted

*Bryant E. Davis*
BRYANT E. DAVIS
In pro se.

5

PETITIONER'S OPPOSITION MOTION : SEEKING TO QUASH RESPONDENTS DISMISSAL MOTION

EXHIBIT : [A]

PAGE (10) OF THE RESPONDENT'S STATE HABEAS OPPOSITION BRIEF

## II.

## PETITIONER MAY NOT RAISE A CLAIM HE HAS ALREADY RAISED ON APPEAL

In Argument III, petitioner repeats the claim he made in his direct appeal—that his waiver of his right to appeal, made as part of the negotiated disposition, was not knowing and voluntary. This claim is not cognizable on habeas corpus.

A petition for writ of habeas corpus cannot serve as a second appeal. Where the claim has already been raised on direct appeal, it cannot be entertained in a habeas petition. (*In re Harris* (1993) 5 Cal.4th 813, 829; *In re Waltreus* (1965) 62 Cal.2d 218, 225.) "Courts will . . . presume that the elaborate appellate system established by the state Constitution and the Legislature was sufficient to allow a person to present adequately his or her grievances for judicial review." (*In re Harris, supra*, 5 Cal.4th at p. 829.)

Since petitioner has already raised on direct appeal the claim that his waiver of appeal rights was not knowing and voluntary, he may not raise the claim again on habeas corpus. Accordingly, he fails to state a prima facie case on this claim.

EXHIBIT : [B]

EXHAUSTION NOTIFICATION FROM STATE APPELLATE ATTORNEY

# HILDA SCHEIB
ATTORNEY AT LAW
P.O. Box 29098
San Francisco, California 94129
(415) 750-9397

August 16, 2006

Mr. Bryant Eugene Davis
V-44561
Folsom State Prison
P. O. Box 950
Folsom, CA 95763
[ATTORNEY CLIENT MAIL]

Dear Mr. Davis:

The California Supreme Court has denied the Petition for Review filed with it on your behalf. In other words, it left standing the dismissal by the Court of Appeal of your appeal on the grounds that you waived your right to appeal. This concludes your state appeal. The superior court has, however, agreed with the issue we raised in the petition for writ of habeas corpus. As a result, one prior conviction enhancement (under Penal Code § 667.5(b)) has been removed and the one-year term has been removed from your sentence.

With this letter, I am enclosing the record on appeal in your case. I am also enclosing a copy of the Everett Neal investigative report which you have asked for. I found this in the box of documents that your mother delivered to me early in the case. I hope this is what you were looking for. I am also enclosing two copies of the amended abstract of judgment, a correct copy of which I did not receive until August 16, 2006, as well as the order of the superior court of Alameda County, indicating that your sentence has been reduced by one year.

Though your state appeal is concluded, you may wish to ask the federal court to review your case through a federal petition for writ of habeas corpus. If you wish to do so, you must file your federal habeas petition pursuant to § 2254 no later than August 6, 2007. It is better to do it early rather than late. Also, you must be certain to raise whatever issues you wish to raise in your petition, as you may not be given a second opportunity to raise other issues.

I wish you the best of luck in the future.

Very truly yours,

Hilda Scheib



Folsom State Prison
P.O. Box 715071
Represa, CA 95671

BRANT E. DAVIS, CDCR# V-44561
F.P.P. 5-AB2-31
P.O. Box 950
Folsom, CA. 95763

STATE PRISON
GENERATED MAIL

CONFIDENTIAL LEGAL CORRESPONDENCE
CCR TITLE 15 § 3141(c)(5)

FSP41-0077

ADDRESS TO:
P.O. BOX 715071 Letter, Photos, Stamps only.
P.O. BOX 1790 Money Orders only.
P.O. BOX 950 Legal Mail only.

TO: CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION
280 SOUTH FIRST St., Rm. 2112
San Jose, CA. 95113-3095

UNITED STATES POSTAGE
$ 00.750
PITNEY BOWES
02 1M
0004219402   MAR 26 2008
MAILED FROM ZIP CODE 95672