EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
JULIET B. HALEY
Deputy Attorney General
JOAN KILLEEN
Deputy Attorney General
State Bar No. 111679
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-5968
  Fax: (415) 703-1234
  Email: Joan.Killeen@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **BRYANT E. DAVIS,** | C 07-3232 JF (PR) |
| Petitioner, | |
| v. | |
| **MATTHEW C. KRAMER, Warden,** | |
| Respondent. | |

**RESPONDENT'S REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE REMEDIES**

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  JULIET B. HALEY
   Deputy Attorney General
5  JOAN KILLEEN
   Deputy Attorney General
6  State Bar No. 111679
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA 94102-3664
    Telephone: (415) 703-5968
8   Fax: (415) 703-1234
    Email: Joan.Killeen@doj.ca.gov
9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **BRYANT E. DAVIS,**<br><br>                                  Petitioner,<br><br>   v.<br><br>**MATTHEW C. KRAMER, Warden,**<br><br>                                  Respondent. | C 07-3232 JF (PR)<br><br>**RESPONDENT'S REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE REMEDIES** |

Respondent has moved for an order dismissing the petition for writ of habeas corpus, filed on June 19, 2007, for failure to exhaust state remedies. Petitioner has filed a motion to quash respondent's motion to dismiss, which respondent construes as an opposition to the motion to dismiss. Respondent submits this reply.

**MEMORANDUM OF POINTS AND AUTHORITIES**

For reasons of comity, a state prisoner must first exhaust his constitutional claims in state court before seeking habeas relief in the federal courts. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982). In order to exhaust a claim, the defendant must "fairly present" the specific factual and legal bases for each claim to the state's highest court. *Duncan v. Henry*, 513

1  U.S. 364, 365 (1995). Thus, presenting a claim only to the California Court of Appeal is insufficient
2  to exhaust; it must be presented to the California Supreme Court. *James v. Giles*, 221 F.3d 1074,
3  1077 n.3 (9th Cir. 2000); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999); *Larche v. Simon*,
4  53 F.3d 1068, 1071-1072 (9th Cir. 1994).

5  As noted in respondent's motion to dismiss, petitioner waived his right to appeal as part
6  of the negotiated resolution in which he was sentenced to 10 years in prison for his conviction of
7  robbery with prior conviction enhancements. He nevertheless appealed, and raised the sole claim
8  that his appeal waiver was not voluntary, knowing, or intelligent. Exh. A to Motion to Dismiss. He
9  also filed a petition for writ of habeas corpus in the court of appeal, claiming: (1) that he only served
10 four prior prison terms, and thus his sentence should be reduced by one year; (2) his trial counsel
11 was ineffective for failing to argue the sentencing error on his behalf; and (3) his waiver of his right
12 to appeal was not voluntary, knowing, or intelligent. Exh. G to Motion to Dismiss.

13 The court of appeal dismissed the appeal after finding that petitioner's waiver of his right
14 to appeal was valid. Exh. D to Motion to Dismiss. As to the petition for writ of habeas corpus, the
15 court remanded the matter to the trial court on the issue whether petitioner had served only four prior
16 prison terms, as he alleged. The court did not grant relief as to the remaining claims raised in the
17 petition. Exh. J to Motion to Dismiss. Subsequently, the trial court resentenced petitioner to a total
18 term of nine years. Exh. K to Motion to Dismiss.

19 In the meantime, petitioner filed a Petition for Review in the California Supreme Court
20 raising a single claim, whether a waiver of the right to appeal could be voluntary, knowing, and
21 intelligent when the trial court failed to admonish the defendant regarding his right to appeal and the
22 defendant did not execute a written waiver. Exh. E to Motion to Dismiss. The Supreme Court
23 summarily denied review. Exh. F to Motion to Dismiss.

24 In his federal petition for writ of habeas corpus, petitioner raises two claims: (1) "The
25 petitioner was denied his Sixth Amendment right to effective assistance of trial counsel"; and (2)
26 "The petitioner was denied his Fifth Amendment rights to an unbiased judge." As to the first claim,
27 petitioner asserts his counsel "was ineffective for failing to argue the error on petitioner's behalf or
28 failing to ensure that the court considered the matter." It is not clear what "error" petitioner means,

Respondent's Reply to Petr.'s Oppos. to Motion To Dismiss For Failure To Exhaust State Remedies  - C 07-3232 JF (PR)
2

but, as noted, the trial court has already corrected his sentence and reduced it by one year. As to the second claim, petitioner asserts his "purported waive [*sic*] of his right to appeal was not voluntary, knowing or intelligent." Pet. at 5. Neither of these claims was raised in the California Supreme Court. Although petitioner raised an ineffective assistance of counsel claim in the court of appeal, he did not raise it in his petition for review, nor did he file a separate petition for writ of habeas corpus in the state supreme court. And, although petitioner challenged the voluntariness of his appeal waiver in the court of appeal and in the supreme court, he did not raise any claim arguing that the trial court was biased.

Petitioner nevertheless contends that he adequately raised these claims because he presented them, in part, to the state court of appeal. Opp. to Motion to Dismiss at 3-4 & Exh. A. Presentation of a claim to the court of appeal, but not the state supreme court, does not satisfy the exhaustion requirement. *James v. Giles*, 221 F.3d at 1077 n.3; *Gatlin v. Madding*, 189 F.3d at 888; *Larche v. Simon*, 53 F.3d at 1071-1072. Petitioner also points to a letter from his appellate counsel suggesting the possibility of pursuing habeas corpus relief in federal court. Opp. to Motion to Dismiss at 4 & Exh. B. However, petitioner's counsel referred only to the single issue raised in the petition for review. Counsel did not suggest that petitioner raise new claims not previously exhausted in the state supreme court.

Petitioner suggests that this Court permit him to exhaust his state remedies or to amend his federal petition. Opp. to Motion to Dismiss at 4-5. Respondent opposes petitioner's request to stay proceedings to permit exhaustion, but does not oppose his request to amend his petition to delete unexhausted claims.

The stay and abeyance procedure "should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Respondent's Reply to Petr.'s Oppos. to Motion To Dismiss For Failure To Exhaust State Remedies - C 07-3232 JF (PR)

3

1  *Rhines v. Weber*, 544 U.S. at 277.  The court should also consider whether the petitioner "engaged
2  in intentionally dilatory litigation tactics."  *Id*. at 278.  If a district court determines that a stay is
3  appropriate, the stay must be limited by the timeliness concerns of the Antiterrorism and Effective
4  Death Penalty Act of 1996 (AEDPA), such that "reasonable time limits" are placed on a
5  "petitioner's trip to state court and back."  *Rhines v. Weber*, 544 U.S. at 277.

6       Stay and abeyance is not warranted here.  Petitioner's failure to make any effort whatever
7  to show that his claim of ineffective assistance of counsel is meritorious warrants rejection of the
8  requested stay and abeyance procedure.  *Rhines v. Weber*, 544 U.S. at 277-278.  Indeed, petitioner
9  fails to identify the basis of his ineffective assistance claim.  Petitioner's counsel litigated the issue
10 of the voluntariness of petitioner's guilty plea.  Petitioner does not identify what other "errors"
11 counsel should have presented.  His claim that he was denied his right to an unbiased judge was
12 never raised in state court, and finds no support anywhere in the state record.  Petitioner also fails
13 to show that, even if he could argue the merits of his claims, he would be likely to prevail on the
14 claims either in state court or in this Court.

15      Because petitioner has failed to exhaust his claims in the state's highest court, his petition
16 for writ of habeas corpus should be dismissed.  28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. at 518-
17 519.  Alternatively, petitioner may be permitted to amend his petition to delete unexhausted claims.

**CONCLUSION**

For the reasons stated, respondent respectfully requests that the petition for writ of habeas corpus be dismissed for failure to exhaust state remedies, or that petitioner be permitted to amend his petition to delete unexhausted claims.

Dated: April 9, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

JULIET B. HALEY
Deputy Attorney General


/s/ Joan Killeen
JOAN KILLEEN
Deputy Attorney General

Attorneys for Respondent

JK/jk/lls
40238959.wpd