NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>BRYANT E. DAVIS<br><br>Petitioner, | No. C 07-03232 JF (PR)<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING MOTION TO QUASH<br><br>(Docket Nos. 10 & 13) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant habeas action was transferred to this Court from the Central District of California on June 19, 2007.  Respondent filed a motion to dismiss for failure to exhaust state remedies.  (Docket No. 10.)  Petitioner filed opposition and Respondent filed a reply.  The Court will grant the motion and DISMISS the petition with leave to amend.

**BACKGROUND**

According to the petition, an Alameda Superior Court jury convicted Petitioner of second degree murder (Cal. Penal Code § 187) and second degree robbery (Cal. Penal Code § 211). On July 9, 2004, Petitioner was sentenced to a term of ten years in state

prison. On direct appeal, the state appellate court affirmed the judgment in 2006. The state supreme court denied a petition for review in 2006. The instant federal habeas petition was filed on May 11, 2007. The petition was transferred to this Court on June 19, 2007.

## DISCUSSION

A. <u>Exhaustion</u>

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. <u>See</u> 28 U.S.C. § 2254(b),(c); <u>Rose v. Lundy</u>, 455 U.S. 509, 515-16 (1982); <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981); <u>McNeeley v. Arave</u>, 842 F.2d 230, 231 (9th Cir. 1988).

Respondent contends that the instant petition is a mixed petition because it contains both exhausted and unexhausted claims, and therefore must be dismissed, <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). (Resp't Mot. 4.) Respondent has submitted copies of Petitioner's direct appeal briefs, petition for review in the California Supreme Court, and state habeas petitions showing that Petitioner failed to present all the claims raised in the instant federal petition before the state high court. In the instant federal habeas petition, Petitioner alleged the following two claims: (1) denial of his Sixth Amendment right to effective assistance of counsel ; and (2) denial of his Fifth Amendment right to an unbiased judge because his waiver of appeal was not voluntary, knowing, and intelligent. Although Petitioner raised these claims in a state petition for a writ of habeas corpus in the California Court of Appeal, (Resp't Mot. Ex. G), he did not raise these claims in his petition for review to the state high court. The only claim he brought before the California Supreme Court was the claim that his waiver of a right to appeal was not voluntary, knowing and intelligent because the trial court failed to admonish the

1  Petitioner regarding his right to appeal and Petitioner did not execute a written waiver.
2  (Resp't Mot. Ex. E.)  This claim is not the same as his federal claim of an "unbiased
3  judge."  Therefore, it cannot be said that he presented the highest state court with a fair
4  opportunity to rule on the merits of either of the two claims he brings in the instant
5  federal petition.  See 28 U.S.C. § 2254(b),(c); Rose, 455 U.S. at 515-16.

6       A federal district court must dismiss such a "mixed" federal habeas petition, *i.e.*, a
7  petition containing any claims as to which state remedies have not been exhausted under
8  28 U.S.C. § 2254(b)-(c).  See Rose, 455 U.S. at 522.  Alternatively, Petitioner may amend
9  the mixed petition by striking unexhausted claims as an alternative to suffering dismissal
10  before the Court may dismiss the petition.  Jefferson v. Budge, 419 F.3d 1013, 1016 (9th
11  Cir. 2005); Brambles v. Duncan, 412 F.3d 1066, 1069-71 (9th Cir. 2005).  As a third
12  alternative, Petitioner may obtain a stay of the instant petition while he exhausts his
13  unexhausted claims in state court.  District courts have the authority to issue stays of
14  mixed federal habeas petitions, and the AEDPA does not deprive them of that authority.
15  Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005).  The use of a stay and abeyance is only
16  appropriate, however, where the district court has first determined that there was good
17  cause for the Petitioner's failure to exhaust the claims in state court and that the claims
18  are potentially meritorious.  Id.  If Petitioner wishes to obtain a stay, he must file a motion
19  to stay the petition that includes a showing of good cause for his failure to exhaust his
20  unexhausted claims prior to filing the present petition.

22  **CONCLUSION**
23      In light of the foregoing, the Court hereby orders as follows:
24      1.    Respondent's motion to dismiss (Docket No. 10) is GRANTED.  The
25  petition is hereby DISMISSED WITH LEAVE TO AMEND.  Within **thirty (30) days** of
26  the date this order is filed, Petitioner may file an amended petition that includes only his
27  exhausted claim, and that strikes all of the unexhausted claims.  The amended petition
28  must also set forth a violation of a federal constitutional right or other federal law with

1 respect to each claim, and any such violation of federal law must have been presented to
2 the California Supreme Court in order for the claim to be properly raised in the amended
3 petition.  The amended petition must be on this Court's form for habeas petitions, it must
4 include the caption and civil case number used in this order, No. C 07-01443 JF (PR), as
5 well as the words AMENDED PETITION on the first page, and Petitioner may not
6 incorporate material from the original petition by reference.

**Failure to file an amended petition in conformity with this order shall result in the dismissal of this action without prejudice to Petitioner's later filing a new petition after he has finished exhausting his claims in state court.**

2. If Petitioner files an amended petition in conformity with this order, and there are additional claims he wishes to pursue that have not been exhausted, Petitioner may file, **at the same time as he files the amended petition**, a motion to stay the instant petition while he exhausts his unexhausted in the state courts.  Such a motion must be accompanied by a showing of good cause why the unexhausted claims were not exhausted prior to filing the present petition, and a showing that the unexhausted claims potentially have merit.

3. Petitioner's opposition motion to quash Respondent's motion to dismiss (Docket No. 13), is DENIED.

This order terminates Docket No. 10 & 13.

IT IS SO ORDERED.

DATED: 9/12/08

JEREMY FOGEL
United States District Judge