NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT E. DAVIS,<br><br>    Petitioner,<br><br>  vs.<br><br>MATTHEW C. KRAMER, Warden,<br><br>    Respondent. | No. C 07-3232 JF (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 12, 2008, the Court dismissed the petition with leave to amend because one of the two claims was not exhausted. On October 29, 2008, Petitioner filed an amended petition setting forth only the exhausted claim. In an order to show cause issued on October 29, 2007, this Court found that the amended petition set forth a cognizable claim for federal habeas relief and ordered Respondent to show cause why the writ should not be granted. Respondent filed an answer addressing the merits of the petition. Petitioner filed a traverse. Having reviewed the papers and the underlying record, the Court concludes that Petitioner is not entitled to federal habeas corpus relief and will deny the petition.

**BACKGROUND**

On January 5, 2004, the Alameda County District Attorney charged Petitioner with one count of murder committed in the course of a robbery and one count of second-degree robbery, and alleged that Petitioner had suffered eight prior felony convictions and had served five prior prison terms. On February 3, 2004, Petitioner admitted the prior convictions. A jury thereafter found Petitioner guilty of robbery but deadlocked on the murder charge.

On May 21, 2004, the parties entered into a negotiated agreement disposing of the case. Under the terms of the agreement, Petitioner agreed to a sentence of ten years on the robbery conviction, consisting of an aggravated term of five years plus five one-year enhancements for the prior prison terms. Petitioner also agreed to waive his right to be sentenced by the judge who had adjudicated the trial, and to waive his right to appeal the robbery conviction. In return, the murder charge was dismissed..

On July 9, 2004, pursuant to People v. Marsden, 2 Cal. 3d 118 (1970), the trial court held a hearing on Petitioner's motion to substitute counsel, following which it denied the motion. At Petitioner's sentencing hearing later that day, the trial court denied Petitioner's motion to withdraw his waiver of his right to appeal the robbery conviction, and sentenced him to a term of ten years in state prison pursuant to the parties' agreement.

Petitioner filed an appeal claiming, as he does here, that the waiver of his right to appeal was not valid. On January 31, 2006, the California Court of Appeal dismissed the appeal after finding the waiver valid. Petitioner also filed a concurrent petition for a writ of habeas corpus in the California Court of Appeal in which he argued that his sentence should be reduced by one year because he had only served four prior prison terms. The California Court of Appeal ordered Respondent to show cause why the petition should not be granted, and, after a hearing on July 3, 2006, the trial court modified Petitioner's sentence to nine years, consisting of five years for the robbery and four years for the prior prison terms. On May 10, 2006, the California Supreme Court summarily denied the petition for review of the California Court of Appeal's dismissal of the appeal.

Petitioner filed the instant federal petition on May 11, 2006, in the Central District of California. Thereafter, the petition was transferred to this court.

## DISCUSSION

### I. Standard of Review

This Court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-413 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" Id. at 409. In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method

as well as its result. <u>Nunes v. Mueller</u>, 350 F.3d 1045, 1054 (9th Cir. 2003). The standard for "objectively unreasonable" is not "clear error" because "[t]hese two standards . . . are not the same. The gloss of error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003).

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "results in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Where, as here, the highest state court to consider Petitioner's claims issued a summary opinion which does not explain the rationale of its decision, federal review under § 2254(d) is of the last state court opinion to reach the merits. See <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 801-06 (1991); <u>Bains v. Cambra</u>, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000). In this case, the last state court opinion to address the merits of Petitioner's claims is the opinion of the California Court of Appeal. (Resp't Ex. F (<u>People v. Davis</u>, No. A107183, slip op. 1, 4-6 (Cal. Ct. App. Jan. 31, 2005).)

**II.** **Legal Claim and Analysis**

Petitioner claims that the waiver of his right to appeal violated his right to due process because it was not knowing and voluntary.

Respondent argues as an initial matter that Petitioner's claim should be denied because there is no constitutional right to appeal a criminal conviction. Respondent is correct that the Constitution does not require states to permit appeals as of right in criminal cases. See <u>Evitts v. Lucey</u>, 469 U.S. 387, 393 (1985). However, if a state does provide a system for appellate review, its procedures must comport with the demands of constitutional due process and equal protection. See <u>id.</u>

At his change-of-plea hearing on May 21, 2004, after stating that he understood

1  and agreed to the sentence he would receive under the terms of the negotiated disposition,
2  Petitioner expressly waived his right to appeal in the following colloquy:

> [Prosecutor]: Also waive all of the appellate rights on the trial.
> The Court: That's my understanding as well. [Defense Counsel]?
> [Defense Counsel]: Yes.
> The Court: Mr. Davis?
> [Defense Counsel]: He understood he waived it at this point.
> The Court: Is that right?
> Defendant Davis: Yes.

(Resp't Ex. A at 452-53.)

An express waiver of the right to appeal in a negotiated disposition of a criminal cases, such as Petitioner's waiver in this case, is valid if knowingly and voluntarily made. See United States v. Desantiago-Martinez, 980 F.2d 582, 582-83 (9th Cir. 1992), amended, 38 F.3d 394 (9th Cir. 1994). The colloquy at the plea hearing establishes that Petitioner understood that he was waiving his right to appeal his robbery conviction. See, e.g., United States v. Nguyen, 235 F.3d 1179, 1182-84 (9th Cir. 2000) (examination of plea colloquy established waiver knowingly and voluntarily made). There is no indication from the colloquy or the transcript of the plea hearing that Petitioner's waiver was involuntary, or that Petitioner did not understand that he was waiving his right to appeal. In addition, as the trial court noted at the Marsden hearing, Petitioner had passed through the state criminal court system on many prior occasions in connection with his eight prior felony convictions and five prior prison terms, so it was very unlikely that he did not know what an appeal was or the nature of the "appellate rights" he was waiving. (Resp't Ex. A at 11-12.) The state courts reasonably could conclude from this record that Petitioner waived his right to appeal knowingly and voluntarily.

Petitioner nonetheless argues that his waiver was not knowing and voluntary because his attorney informed him that waiving the right to appeal would not preclude him from filing a habeas petition in the appellate court, which was the proper avenue for Petitioner to pursue a claim of ineffective assistance of counsel.[1] According to Petitioner,

---

[1] At the Marsden hearing, defense counsel confirmed that he had given Petitioner this advice. (Resp't. Ex. A at 8, 10-11.)

after he waived his right to appeal, he returned to jail where a "legally literate inmate" informed him that his waiver would in fact preclude him from filing such a habeas petition, and that counsel's advice therefore was a "misrepresentation." Petitioner is incorrect. Petitioner's waiver did not preclude him from filing a petition for a writ of habeas corpus in the California Court of Appeal. Indeed, Petitioner filed such a petition and obtained relief in the form of a modified sentence. Consequently, counsel's statement that Petitioner could file a habeas petition in the state courts notwithstanding his waiver was not a "misrepresentation" and did not render Petitioner's waiver of his appellate rights involuntary or unknowing.

In his traverse, Petitioner again raises the claim that the Court dismissed previously on exhaustion grounds, that his attorney provided ineffective assistance of counsel in advising him that the waiver of his appellate rights did not preclude filing a petition for a writ of habeas corpus in the state appellate courts. Petitioner does not contend that this claim has been exhausted, but he argues that exhaustion should be excused because dismissal of the claim would result in a miscarriage of justice. Such an argument should have been raised in opposition to Respondent's motion to dismiss, when the issue of exhaustion was raised. Even if Petitioner's argument were to be entertained at this stage, Petitioner still would have to show his "actual innocence" of the robbery charges in order to be excused from exhaustion, a showing that Petitioner has not even attempted to make. See Schlup v. Delo, 513 U.S. 298, 327 (1995) (holding that the Supreme Court limits "miscarriage of justice" exception to habeas petitioners who can show that "constitutional violation has probably resulted in the conviction of one who is actually innocent"). Finally, excusing exhaustion would not do Petitioner any good because, for the reasons discussed above, counsel's advice that Petitioner could still pursue a state habeas petition was correct, and consequently Petitioner's claim would fail on its merits.

Petitioner's waiver of his right to appeal did not violate his right to due process. Accordingly, the state courts' decisions denying Petitioner's claim were not contrary to,

1  or an unreasonable application of, clearly established Supreme Court precedent, nor were
2  they based on an unreasonable determination of the facts in light of the evidence
3  presented. See 28 U.S.C. § 2254(d)(1), (2).

## CONCLUSION

The Court concludes that Petitioner has failed to show any violation of his federal constitutional rights in the underlying state court proceedings. Accordingly, the petition for writ of habeas corpus is DENIED. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 3/24/10

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT E. DAVIS,<br><br>        Plaintiff,<br><br>  v.<br><br>/ et al,<br><br>        Defendant.<br>_____/ | Case Number: CV07-03232 JF<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   4/6/10   , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Bryant E. Davis V44561
Folsom State Prison
PO Box
Folsom, CA 95763

Dated:  4/6/10

/s/
Richard W. Wieking, Clerk
By:

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.07\Davis232_denyHC.wpd